UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
CERCO BRIDGE LOANS 6 LLC,                     :   Civil Action No: 23 -CV- 11093
                                              :
       Plaintiff,                             :
                                              :
v.                                            :
                                              :   **VERIFIED COMPLAINT**
GREGG SCHENKER and STEVEN                     :
HORNSTOCK,                                    :
                                              :
       Defendants.                            :
---------------------------------------------------------------X

       Plaintiff Cerco Bridge Loans 6 LLC (**Cerco**) through its attorneys, Fox Rothschild LLP, upon information and belief at all times hereinafter mentioned, avers as follows:

## INTRODUCTION

       1.      This is an action for relief by Cerco, a lender, against Gregg Schenker (**Schenker**) and Steven Hornstock (**Hornstock**) (collectively **Guarantors**) under a Guaranty of Recourse Obligations, dated March 8, 2022 (**Guaranty**). A true and accurate copy of the Guaranty, dated March 8, 2022, is attached as **Exhibit 1**, at CERCO 000001.

       2.      Cerco is a commercial real estate financing company, which acts as a direct portfolio lender originating bridge loans nationwide. These bridge loans are typically short-term loans.

       3.      Cerco lent $23,500,000 to P8 ABS-EE 695 Lex Leaseco, LLC's (**P8**) for, among other uses, "tenant improvements, real estate brokerage, and capital expenditure improvement costs" for real property that P8 leased from Silk & Halpern 57, LLC (**Silk & Halpern**). *See* **Exhibit 1**, at CERCO 000001. A true and accurate copy of the Agreement of Net Lease (**Ground Lease**) between P8 and Silk & Halpern, dated August 1, 2019, is attached as **Exhibit 2**, at CERCO 000025.

      a. On March 8, 2022, Cerco and P8 entered into a Leasehold Mortgage Note, in which P8 promised to pay Cerco the principal sum of $13,200,000, together with interest. The Leasehold Mortgage Note was secured by the Leasehold Loan Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing (**Leasehold Mortgage**). A true and accurate copy of the Leasehold Mortgage Note, dated March 8, 2022, is attached as **Exhibit 3A**, at CERCO 000144 and Leasehold Mortgage, dated March 8, 2022, is attached as **Exhibit 3B**, at CERCO 000163.

      b. On March 8, 2022, Cerco and P8 entered into a Building Note, in which P8 promised to pay Cerco the principal sum of $10,300,000, together with interest. The Building Note was secured by the Building Loan Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing (**Building Mortgage**). A true and accurate copy of the Building Note, dated March 8, 2022, is attached as **Exhibit 4A**, at CERCO 000204 and Building Mortgage, dated March 8, 2022, is attached as **Exhibit 4B**, at CERCO 000221.

      c. On March 8, 2022, Cerco and P8 entered into a Building Loan Agreement Tenant Fit-Up, Leasing Commissions and Capital Expenditure Credit Facility Loan Agreement (**Building Loan Agreement**), which specified the conditions of Cerco's Leasehold Note and Building Note to P8. A true and accurate copy of the Building Loan Agreement, dated March 8, 2022, is attached as **Exhibit 5**, at CERCO 000263.

      4. Cerco lent $23,500,000 to P8 on the condition that Guarantors were required to indemnify Cerco for all "actual out-of-pocket liabilities, obligations, losses, damages, out-of-pocket costs, and expenses, including attorneys' fees and costs", in the event that the Ground Lease is "amended, modified, terminated, cancelled, or surrendered." *See* **Exhibit 1**, at CERCO 000002-000003, § 1.2(a)(iv)(C).

5.  Guarantors are jointly and severally liable for the full amount loaned by Cerco to P8. Pursuant to the Guaranty:

> Section 1.8  <u>Payment of Expenses</u>. In the event that any Guarantor should breach or fail to timely perform any provisions of this Guaranty, Guarantors shall, within five (5) business days of each Guarantor's receipt of a written demand from Lender, jointly and severally pay Lender all actual and reasonable out-of-pocket costs and expenses (including court costs and reasonable and documented attorneys' fees) incurred by Lender in the enforcement hereof or the preservation of Lender's rights hereunder, together with interest thereon at the Default Rate from the date requested by Lender until the date of payment to Lender. The covenant contained in this Section shall survive the payment and performance of the Guaranteed Obligations.

*See* **Exhibit 1**, at CERCO 000006, § 1.8.

6.  In addition to his role as Guarantor, Schenker is also the manager of P8.

7.  P8 "terminat[ed], or cancel[ed] or surrender[ed]" the Ground Lease when it failed to make the quarterly rent payment (**Ground Rent**) due on November 1, 2023, thereby defaulting on the Ground Lease. *See* **Exhibit 1**, at CERCO 000002-000003, § 1.2(a)(iv)(C). A true and accurate copy of P8's acknowledgment that it would not pay the Ground Rent on the Ground Lease (which constitutes termination, cancellation, or surrender), dated October 24, 2023, is attached as **Exhibit 6**, at CERCO 000319.

8.  In order to preserve its rights and prevent the destruction of its collateral, Cerco and Silk & Halpern, the landlord, consented to modify the Ground Lease to permit Cerco to pay the November 2023 installment of the Ground Rent. A true and accurate copy of the agreement between Cerco and Silk & Halpern, dated November 20, 2023, is attached as **Exhibit 7**, at CERCO 000321.

9.  Pursuant to the Guaranty, on November 29, 2023 and December 5, 2023, Cerco demanded Guarantors indemnify it for its "actual and reasonable out-of-pocket costs and expenses (including court costs and reasonable and documented attorneys' fees). . . ." *See* **Exhibit 1**, at CERCO 000014-000015, § 1.8.

3

10. Guarantors refused to indemnify Cerco, thereby breaching the Guaranty.

11. Guarantors deprived Cerco of the benefit of its bargain under the Guaranty.

## PARTIES

12. Cerco is a limited liability company organized and existing under the laws of Delaware with a business address of 251 Little Falls Drive, Wilmington, DE 19808.

13. Schenker is an adult individual and a resident of the State of New York with a business address of 200 Park Avenue South, 10th Floor, New York, NY 10003.

14. Hornstock is an adult individual and a resident of the State of New York with a business address of 200 Park Avenue South, 10th Floor, New York, NY 10003.

## THE OTHER GUARANTORS

15. In addition to Schenker and Hornstock, there are two other guarantors, AEW Partners Real Estate Fund VIII, L.P. (**AEW**) and Earlin Investment L.P. (**Earlin**).

16. AEW is a limited partnership organized and existing under the laws of Delaware with a registered office at 1209 Orange Street, Wilmington, DE 19801.

17. Earlin is a limited partnership organized and existing under the laws of Delaware with a registered office at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

18. Schenker, Hornstock, AEW, and Earlin are jointly and severally liable to Cerco. The Guaranty provides:

> Section 6.6  **Parties Bound; Assignment; Joint and Several**.  This Guaranty shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, permitted assigns, heirs and legal representatives.  Lender may sell, assign, pledge, participate, transfer or delegate, as applicable to one or more Persons all or a portion of its rights and obligations under this Guaranty in connection with any assignment, sale, pledge, participation or transfer of the Loan and the Loan Documents.  Any assignee or transferee of Lender shall be

entitled to all the benefits afforded to Lender under this Guaranty. No Guarantor shall have the right to delegate, assign or transfer its rights or obligations under this Assignment without the prior written consent of Lender, and any attempted assignment, delegation or transfer without such consent shall be null and void. ==If Guarantor consists of more than one Person or party, the obligations of each such Person or party and all Guarantors shall be joint and several.==

See **Exhibit 1**, at CERCO 000014-000015, § 6.6.



## BASIS FOR JURISDICTION

19. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship because Cerco and Schenker and Hornstock are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Cerco's claims are against Schenker and Hornstock, who are jointly and severally liable to Cerco. *See* **Exhibit 1**, at CERCO 000006, 000014-000015, §§ 1.8, 6.6.

20. This Court has supplemental jurisdiction over Cerco's state law claims under 28 U.S.C. § 1367.

21. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because: (1) a substantial part of the events or omissions giving rise to Cerco's claims occurred in the Southern District of New York; (2) the real property is located in Manhattan, New York, and (3) the parties' agreement provides:

> Section 6.3  **Governing Law; Submission to Jurisdiction.**
>
> (a) THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO CONFLICT OF LAWS PRINCIPALS AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA. TO THE FULLEST EXTENT PERMITTED BY LAW, INDEMNITORS (AND, BY ITS ACCEPTANCE HEREOF, LENDER) HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVE ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS AGREEMENT OR THE OTHER LOAN DOCUMENTS. GUARANTOR AND LENDER EACH HEREBY IRREVOCABLY SUBMIT TO THE JURISDICTION OF ANY FEDERAL OR STATE COURT IN THE STATE OF NEW YORK IN ANY SUIT, ACTION OR PROCEEDING.

*See* **Exhibit 1**, at CERCO 000013, § 6.3.

# FACTS

## I.  THE AGREEMENTS

22.  Pursuant to the Ground Lease between P8 and Silk & Halpern, dated August 1, 2019, P8 leased a commercial office/mixed use building located at 136 East 57th Street, New York, New York (Lot 50 in Block 1311 on the Tax Map of the City of New York) (the **Property**).  *See* **Exhibit 2**, at CERCO 000026.

23.  The Ground Lease provides that P8 shall pay Silk & Halpern "an annual basic net rent in quarterly installments, in advance, on the first day of each quarter occurring during the Term . . . ." *See* **Exhibit 2**, at CERCO 000030, § 5.

24.  On March 8, 2022, Cerco and P8 entered into a Leasehold Mortgage Note, in which P8 promised to pay Cero the principal sum of $13,200,000, together with interest. *See* **Exhibit 3A**, at CERCO 000144. The Leasehold Mortgage Note was secured by the Leasehold Mortgage. *See* **Exhibit 3B**, at CERCO 000162.

25.  On March 8, 2022, Cerco and P8 entered into a Building Note, in which P8 promised to pay Cerco the principal sum of $10,300,000, together with interest. *See* **Exhibit 4A**, at CERCO 000204. The Building Note was secured by the Building Mortgage. *See* **Exhibit 4B**, at CERCO 000221.

26.  Cerco lent $23,500,000 to P8 to be used for, among other things, "tenant improvement, real estate brokerage, and capital expenditure improvement costs" on the Property, and to allow P8 to distribute a portion of this amount to P8's members. *See* **Exhibit 1**, at CERCO 000001.

27.  On March 8, 2022, Cerco and P8 entered into the Building Loan Agreement, which specified the conditions of Cerco's loans to P8. *See* **Exhibit 5**, at CERCO 000263.

28. To further secure P8's obligations under the Leasehold Mortgage Note and Building Note, on March 8, 2022, Guarantors executed and delivered the Guaranty. *See* **Exhibit 1**, at CERCO 000001.

29. The Guaranty provides,

> Section 1.1   <u>Guaranty of Obligations</u>.  Guarantors hereby irrevocably and unconditionally guaranty to Lender and its successors and assigns the payment and performance of the Guaranteed Obligations (as defined in Section 1.2, below) as and when the same shall be due and payable, whether by lapse of time, by acceleration of maturity or otherwise, subject to and in accordance with the limitations set forth in this Guaranty.  Guarantors hereby irrevocably and unconditionally covenant and agrees that it is liable for the Guaranteed Obligations as a primary obligor.

*See* **Exhibit 1**, at CERCO 000002, § 1.1.

30. The Guaranty defines Guaranteed Obligations, in part, as:

> Section 1.2   <u>Definition of Guaranteed Obligations</u>.
>
> (a)   Guarantors hereby assume liability as primary obligors for, hereby unconditionally guaranty payment to Lender of, hereby agree to pay, protect, defend and save Lender harmless from and against, and hereby indemnify Lender from and against, any and all actual out-of-pocket liabilities, obligations, losses, damages (excluding (1) punitive or exemplary damages or diminution in value of the Property or damages caused by the negligence or willful misconduct of Lender or those acting on behalf of Lender, and (2) consequential damages), out-of-pocket costs and expenses (including, without limitation, reasonable and documented attorneys' fees and costs), causes of action, suits, claims, demands and judgments, of any nature or description whatsoever, which may at any time be imposed upon, incurred by or awarded against Lender as a result of any of the following:
>
> (iv)   the (A) execution and delivery of any Lease which is not a Qualifying Lease (as such term is defined in the Building Loan Agreement) or (B) termination of any Lease as to which the tenant thereunder is not in default beyond any applicable grace, notice or cure period; or (C) amendment, modification, termination, or cancellation or surrender of the Ground Lease from Silk and Halpern, LLC to Borrower for the Property;

*See* **Exhibit 1**, at CERCO 000002-000003, § 1.2(a)(iv)(C).

31. The Guaranty provides that Guarantors must pay the "amount due" on the Guaranteed Obligations. *See* **Exhibit 1**, at CERCO 000005, § 1.5.

8

32. The Guaranty provides that the Guarantors are jointly and severally liable. *See* **Exhibit 1**, at CERCO 000006, 000014-000015, §§ 1.8 and 6.6.

33. The Leasehold Mortgage Note, Leasehold Mortgage, Building Note, Building Mortgage, Building Loan Agreement, and Guaranty (collectively the **Loan Documents**), provide that Cerco is entitled to collect all expenses incurred in connection with its enforcement of the Loan Documents, including but not limited to, reasonable attorneys' fees, out-of-pocket costs, and expenses.

34. Most importantly, the Guaranty imposes joint and several liability upon Guarantors for any costs incurred by Cerco in preserving any of its rights under the Guaranty, which incorporates by reference the Loan Documents and other security interests. "If Guarantor consists of more than one Person or party, the obligations of each such Person or party and all Guarantors shall be joint and several." *See* **Exhibit 1**, at 000014-000015, § 6.6. "In the event that any Guarantor should breach or fail to timely perform any provisions of this Guaranty, Guarantors shall . . . jointly and severally pay [Cerco] all actual and reasonable out-of-pock costs and expenses [including attorneys' fees] . . . ." *See* **Exhibit 1**, at CERCO 000006, § 1.8.

II. **P8'S UNDERLYING BREACHES**

    A. **P8's Breach of the Ground Lease**

35. On October 24, 2023, P8 informed Cerco that it would not make the quarterly Ground Rent payment due on November 1, 2023, and offered to tender the Property to Cerco. *See* **Exhibit 6**, at CERCO 000319.

36. On November 1, 2023, P8's quarterly payment of the Ground Rent was due on the Ground Lease.

37. P8 did not pay the quarterly Ground Rent on November 1, 2023.

38. On November 2, 2023, Silk & Halpern notified both P8 and Cerco that P8 was in default of the Ground Lease. A true and accurate copy of Silk & Halpern's default letter, dated November 2, 2023, is attached as **Exhibit 8**, at CERCO 000324.

39. On November 3, 2023, Cerco informed Guarantors that P8 was in default on the Ground Lease. A true and accurate copy of Cerco's letter to the Guarantors, dated November 3, 2023, is attached as **Exhibit 9**, at CERCO 000328.

40. P8 did not cure its default on the Ground Lease.

41. In order to preserve its rights and to protect the security of the mortgage, on November 20, 2023, Cerco and Silk & Halpern entered into an agreement, in which Cerco agreed to make the November 1, 2023 Ground Rent payment. *See* **Exhibit 7**, at CERCO 000319.

42. On or about November 29, 2023, Cerco paid a total of $783,984 towards the quarterly Ground Rent payment, which included the quarterly rent payment, past due monthly interest, and escrow installments.

43. Pursuant to the Guaranty, because P8 defaulted on the Ground Lease, the Guaranty was triggered, and Guarantors are required to indemnify Cerco. *See* **Exhibit 1**, at CERCO 000002-000003, § 1.2(a)(iv)(C).

    **B.** **P8's Breach of the Building Loan Agreement, Leasehold Mortgage Note, and Building Note**

44. Pursuant to the Building Loan Agreement, a default occurs if P8 defaults under the Ground Lease beyond any applicable notice of cure period. *See* **Exhibit 5**, at CERCO 000288, 000290, § 7.01(u).

45. The Building Loan Agreement further provides:

> 7.02. <u>Lender's Rights and Remedies Upon an Event of Default</u>. If an Event of Default specified in <u>Section 7.01</u> above shall occur and be continuing, Lender shall be under no further obligation to make Loan Advances and may, by notice to Borrower, declare the unpaid principal amount of the Note, together with unpaid interest accrued thereon and all unpaid costs, fees and other sums owing by Borrower under the Note or the other Loan Documents, to be immediately due and payable without presentment, demand, protest or further notice of any kind, all of which are hereby expressly waived, and an action therefor shall immediately accrue.

*See* **Exhibit 5**, at CERCO 000290, § 7.02.

46. P8 defaulted under the Ground Lease and failed to cure the default. *See* **Exhibit 8**, at CERCO 000324.

47. Pursuant to the Building Loan Agreement, in addition to being in default on the Ground Lease, P8 is also in default of the Building Loan Agreement, Leasehold Mortgage Note, and Building Note. *See* **Exhibit 5**, at CERCO 000288 and 000290, § 7.01(u); **Exhibit 3A**, at CERCO 000150, § 10.1; **Exhibit 4A**, at CERCO 000210, § 10.1.

48. On December 13, 2023, Cerco informed P8 that it was in default under the Building Loan Agreement. Cerco declared the unpaid principal amount of the Leasehold Mortgage Note and Building Note, together with unpaid interests accrued and all unpaid costs, fees, and other sums owing by P8 under the Loan Documents immediately due and payable. A true and accurate copy of Cerco's letter to P8, dated December 13, 2023, is attached as **Exhibit 10**, at CERCO 000330.

49. The total amount due on the unpaid principal, interest, and costs on the Leasehold Mortgage Note and Building Note is $13,864,229.

50. P8 has not paid the amount due on the Leasehold Mortgage Note, Building Note, or the quarterly Ground Rent payment to Cerco.

51. The Guaranty is triggered due to P8's default and failure to cure the default, which together constitutes a breach of the Guaranteed Obligations under § 1.2(a)(iv)(c) of the Guaranty.

### III.    GUARANTORS' BREACH OF THE GUARANTY

52.    Pursuant to the Guaranty, Guarantors agreed to waive notice of:

(v) the occurrence of (A) any breach by [P8] of any of the terms or conditions of the Security Instruments or any of the other Loan Documents, or (B) an uncured Event of Default . . . (viii) protest, proof of non-payment or default by [P8], or (ix) any other action at any time taken or omitted by Lender and, generally, all demands and notices of every kind in connection with this Guaranty, the Loan Documents, any documents or agreements evidencing, securing or relating to any of the Guaranteed Obligations and/or the obligations hereby guaranteed.

See **Exhibit 1**, at CERCO 000006, § 1.7.

53.    Although Guarantors waived notice, on November 3, 2023, Cerco informed Guarantors that P8 defaulted on the Ground Lease and

pursuant to the terms of the Ground Lease and provided appropriate notices are given, [P8] has until November 15, 2023 to cure this failure. Should this failure not be cured, [Cerco] must assume that [P8] has (and Guarantors have allowed) constructively terminated and/or surrendered the Ground Lease as of November 15, 2023, as neither [P8] nor Guarantors will have any right thereafter to pay and reinstate the Ground Lease.

See **Exhibit 9**, at CERCO 000328. In addition, Cerco gave Guarantors notice that "should Guarantors not pay the Ground Rent on or before November 15, 2023, [Cerco] may, without further notice to [P8] or Guarantors, remit payment for the Ground Rent . . . in order to preserve its rights in and to the collateral . . . ." See **Exhibit 9**, at CERCO 000329.

54.    Again, on November 29, 2023, Cerco informed Guarantors that because P8 failed to cure default and Guarantors did not pay the Ground Rent, Cerco paid the quarterly Ground Rent on the Ground Lease. A true and accurate copy of Cerco's letter to Guarantors, dated November 29, 2023, is attached as **Exhibit 11**, at CERCO 000340.

55.    Cerco demanded that "Guarantors indemnify Cerco for the quarterly Ground Rent payment, monthly interest, and monthly escrow installment . . . together with interest at the 24%

default rate. Additionally, Cerco demands that Guarantors indemnify Cerco for its expenses, including reasonably attorneys' fees and costs." *See* **Exhibit 11**, at CERCO 000340-000341.

56. Pursuant to the Guaranty, Guarantors must pay the amount due on the Guaranteed Obligations within five days after Cerco's demand for indemnification. The Guaranty provides:

> Section 1.5 <u>Payment By a Guarantor</u>. If all or any part of the Guaranteed Obligations shall not be paid when due, whether at demand, maturity, acceleration or otherwise, Guarantors shall, within five (5) business days following demand by Lender and without presentment, protest, notice of protest, notice of non-payment, notice of intention to accelerate the maturity, notice of acceleration of the maturity or any other notice whatsoever, all such notices being hereby waived by each Guarantor, pay in lawful money of the United States of America, the amount due on the Guaranteed Obligations to Lender at Lender's address as set forth herein. Such demand(s) may be made at any time coincident with or after the time for payment of all or part of the Guaranteed Obligations and may be made from time to time with respect to the same or different items of Guaranteed Obligations. Such demand shall be made, given and received in accordance with the notice provisions hereof.

*See* **Exhibit 1**, at CERCO 000005.

57. On December 5, 2023, Cerco again informed Guarantors of P8's default and demanded that Guarantors indemnify Cerco the amount due. A true and accurate copy of Cerco's letters to Guarantors, dated December 5, 2023, is attached as **Exhibit 12**, at CERCO 000342.

58. Instead of performing their obligations under the Guaranty, Guarantors chose to breach their duties to Cerco. Guarantors did not indemnify Cerco for its losses or damages under the Guaranty.

59. Pursuant to the Guaranty:

> Section 1.8 <u>Payment of Expenses</u>. In the event that any Guarantor should breach or fail to timely perform any provisions of this Guaranty, Guarantors shall, within five (5) business days of each Guarantor's receipt of a written demand from Lender, jointly and severally pay Lender all actual and reasonable out-of-pocket costs and expenses (including court costs and reasonable and documented attorneys' fees) incurred by Lender in the enforcement hereof or the preservation of Lender's rights hereunder, together with interest thereon at the Default Rate from the date requested by Lender until the date of payment to Lender. The covenant contained in this Section shall survive the payment and performance of the Guaranteed Obligations.

*See* **Exhibit 1**, at CERCO 000006, § 1.8.

60. On December 13, 2023, Cerco sent Guarantors a notice of default of the Guaranty for failing to indemnify Cerco. A true and accurate copy of Cerco's letter to Guarantors, dated December 13, 2023, is attached as **Exhibit 13**, at CERCO 000344.

61. To date, Guarantors have refused to indemnify Cerco the amount due, including but not limited to the unpaid amount of the principal, interest, and costs on the Leasehold Mortgage Note and Building Note, the Ground Rent, and the default rate interest, Cerco's attorneys' fees, out-of-pocket costs, or expenses.

## COUNT ONE
## BREACH OF CONTRACT

62. Cerco incorporates by reference the allegations set forth in the above-mentioned Paragraphs as if fully set forth herein.

63. The Guaranty is a binding contract between Cerco and Guarantors.

64. Cerco fully performed its obligations under the Guaranty.

65. Having failed to honor the Guaranty, Guarantors are in breach of the Guaranty.

66. As a result of Guarantors breach of the Guaranty, Cerco has been damaged in the amount of $13,864,229 on the unpaid principal, interest, and other costs and charges under the Leasehold Mortgage Note and Building Note, $783,984 on the November 1, 2023 installment of Ground Rent payment and costs, plus default interest at 24%, any future Ground Rent payments, and its out-of-pocket costs, attorneys' fees, and expenses.

## COUNT TWO
## BREACH OF FIDUCIARY DUTY

67. Cerco incorporates by reference the allegations set forth in the above-mentioned Paragraphs as if fully set forth herein.

68. The Guaranty is a binding contract between Cerco and Guarantors.

69. Cerco fully performed its obligations under the Guaranty.

70. Guarantors have a fiduciary duty to cooperate with Cerco and "provide such information and documents relating to such Guarantor, [P8], the Property and any tenants of the Property as [Cerco] may reasonably request, provided, however, that such information is routinely prepared by such party in its normal course of business." *See* **Exhibit 1**, at CERCO 000016, § 6.13.

71. Guarantors represented and warranted that they are "familiar with, and has independently reviewed books and records regarding the financial condition of [P8] and [are] familiar with the value of any and all collateral intended to be created as security for the payment of the Note or Guaranteed Obligations . . . ." *See* **Exhibit 1**, at CERCO 000010, § 3.2.

72. On November 15 and 17, 2023, Cerco requested Guarantors to provide information relating to the Property.

73. Guarantors have not provided a response to Cerco's requested and have failed to cooperate with Cerco.

74. As a result of Guarantors breach of the Guaranty, Cerco has been damaged in the amount of $13,864,229 on the unpaid principal, interest, and other costs and charges under the Leasehold Mortgage Note and Building Note, $783,984 on the November 1, 2023 installment of Ground Rent payment and costs, plus default interest at 24%, any future Ground Rent payments, and its out-of-pocket costs, attorneys' fees, and expenses.

**COUNT THREE**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

75. Cerco incorporates by reference the allegations set forth in the above-mentioned Paragraphs as if fully set forth herein.

76. The Guaranty is a binding contract between Cerco and Guarantors.

77. The Guaranty contains an implied covenant of good faith and fair dealing.

78. Guarantors deceived Cerco by preventing Cerco to receive its benefit of what it bargained for under the Guaranty.

79. As a result of Guarantors breach of the Guaranty, Cerco has been damaged in the amount of $13,864,229 on the unpaid principal, interest, and other costs and charges under the Leasehold Mortgage Note and Building Note, $783,984 on the November 1, 2023 installment of Ground Rent payment and costs, plus default interest at 24%, any future Ground Rent payments, and its out-of-pocket costs, attorneys' fees, and expenses.

## COUNT FOUR
## SPECIFIC PERFORMANCE

80. Cerco incorporates by reference the allegations set forth in the above-mentioned Paragraphs as if fully set forth herein.

81. The Guaranty is a binding contract between Cerco and Guarantors.

82. Cerco fully performed its obligations under the Guaranty.

83. Cerco is entitled to the benefit of its bargain and fair and reasonable expectations under the Guaranty.

84. Guarantors failed to perform their duties under the Guaranty. Guarantors are able and have the means, authority, and power necessary to perform its contractual obligation.

85. There is nothing preventing Guarantors from performing their contractual obligations.

86. Guarantors have voluntarily chosen not to perform their contractual duty.

87. Cerco is entitled to an order directing Guarantors to specifically perform its contractual obligations and to award damages resulting from Guarantors breach of the Guaranty.

**WHEREFORE**, Cerco respectfully demands judgment against Guarantors, jointly and severally, on each cause of action:

1. For an award of Cerco's damages, including but not limited to the unpaid principal amount of the Leasehold Mortgage Note and Building Note, together with unpaid interest accrued thereon and all unpaid costs, fees, and other sums owing by P8, including the quarterly Ground Rent payment(s) and any future quarterly Ground Rent payment(s);

2. For an award of default rate interest at 24% pursuant to Section 1.8 of the Guaranty;

3. For an order awarding Cerco its attorneys' fees, out-of-pocket costs, and expenses;

4. For an order awarding Cerco its attorneys' fees in its enforcement of the Loan Documents against P8;

5. For prejudgment and post-judgment interest;

6. For an order directing Guarantors to perform their contractual obligations and duties under the Guaranty; and

7. For any other relief the Court may deem just and equitable.

Dated: December 21, 2023  
New York, NY

**FOX ROTHSCHILD LLP**  
*Attorneys for Plaintiff*  
*Cerco Bridge Loans 6 LLC*

By: _____  
JEFFREY M. POLLOCK  
Certified by the Supreme Court of  
New Jersey as a Civil Trial Lawyer  
101 Park Avenue, 17th Floor  
New York, NY 10178  
Telephone: (609) 896-3600  
Facsimile: (609) 896-1469  
Email: jmpollock@foxrothschild.com  
SDNY Bar No.: JP1565

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CERCO BRIDGE LOANS 6 LLC, | X<br>: Civil Action No: ___-CV-_____<br>:<br>Plaintiff, |
| v. | :<br>: **VERIFICATION**<br>: |
| GREGG SCHENKER and STEVEN HORNSTOCK, | :<br>: |
| Defendants. | :<br>X |

STATE OF NEW JERSEY )
                    ) ss:
COUNTY OF BERGEN    )

I, Michael G. Bodnev, of full age, being duly sworn, deposes and says:

1. I am an authorized signatory at Cerco Bridge Loans 6 LLC, the Plaintiff in this action.

2. I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief; and that to those matters I believe them to be true.

Sworn to before me on this

2⁰ day of December, 2023

_____
Notary Public

_____
Michael G. Bodnev

GERARD TONNER
NOTARY PUBLIC OF NEW JERSEY
Commission No. 50142722
My Commission Expires Nov. 5, 2025