

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ  08648
609.896.3600    609.896.1469
www.foxrothschild.com

JEFFREY M. POLLOCK
Certified by the Supreme Court of New Jersey
    as a Civil Trial Attorney
Direct No: 609.896.7660
Email: jmp@FoxRothschild.com

**VIA ECF**
Hon. Judge Dale E. Ho, U.S.D.J.
Southern District of New York
40 Foley Square
New York, NY 10007

> The Defendants' letter motion to adjourn the initial pretrial conference and request for jurisdictional discovery (ECF No. 25) is DENIED.  The Court will not address the jurisdictional issue at this time.
>
> The deadline to file the joint letter and proposed Civil Case Management Plan and Scheduling Order is extended to **March 13, 2024**.
>
> Further, the Motion to Dismiss (ECF No. 20) is moot given the filing of Cerco's First Amended Complaint (ECF No. 23).
>
> The Clerk of Court is respectfully requested to close ECF Nos. 20 and 25.
>
> SO ORDERED.
>
> /s/ Dale E. Ho
> Dale E. Ho
> United States District Judge
> Dated: March 11, 2024
> New York, New York

March 10, 2024

Re:   **CERCO BRIDGE LOANS 6 LLC v. GREGG SCHENKER, et al.**
      **Civil Action No.: 23-cv-11093 (DEH)**

Dear Judge Ho:

This firm represents Plaintiff Cerco Bridge Loans 6 LLC (**Cerco**). We write in response to Defendants Gregg Schenker and Steven Hornstock's (**Guarantors**) adjournment request and improper demand for jurisdictional discovery.

We agree with Guarantors' position that their previously filed Motion to Dismiss Cerco's Complaint (ECF Nos. 20-22) is moot following the filing of Cerco's First Amended Complaint (ECF No. 23). *See* 3/8/24 Letter (ECF No. 25), at 1 ("[T]he deadline for Defendants to file a motion to dismiss the Amended Complaint . . . is also March 19, 2024."). After a complaint is amended, "the original pleading no longer performs any function in the case."[1]

Cerco objects to the remainder of the relief sought in Guarantors' March 8, 2024 letter. We do not consent to the requested relief as it is both unwarranted and simply another gambit by Guarantors to delay complying with their contractual obligations. There is no basis for the requested adjournments, nor Guarantors' demand for jurisdictional discovery. Although Guarantors' claim that Cerco "ha[s] engaged in a pattern of pleading misconduct" (3/8/24 Letter, at 1), that is simply false rhetoric uttered by Guarantors seeking to avoid their promises. We understand clearly that Guarantors' real goal is simple: delay, delay, delay.

The merits of the Guarantors' application appear to be based almost entirely on feigned incredulity as to Cerco Capital Inc's principal place of business and Guarantors' efforts to conflate "Cerco Funding LLC" with Cerco and its sole member, Cerco Capital Inc. Neither argument withstands scrutiny. If Guarantors can go to such lengths to search for irrelevant information in

---

[1]   *See Fredericks v. City of New York*, 12-cv-3734, 2012 WL 3667448, * 1 (S.D.N.Y. Aug. 27, 2012).  To the extent Guarantors decide to move to dismiss the First Amended Complaint, Cerco will respond at the appropriate time.

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Massachusetts    Minnesota    Missouri
Nevada    New Jersey    New York    North Carolina    Oklahoma    Pennsylvania    South Carolina    Texas    Washington



Honorable Dale E. Ho
March 10, 2024
Page 2

the hopes of fabricating an argument for lack of jurisdiction, it strains credulity that they are not well aware of the actual facts.

**Guarantors' contractual agreement is with Cerco—not Cerco Funding LLC.**[2] **The sole entity that is relevant to a jurisdictional analysis is Cerco's only member, Cerco Capital Inc.** *See Kuehne + Nagel, Inc. v Halco Light. Tech., LLC*, 23-cv-07069 (JLR), 2023 WL 5180431, *1 (S.D.N.Y. Aug. 11, 2023) ("For purposes of diversity jurisdiction, a limited liability company is deemed to be a citizen of each state of which its members are citizens.") (citing *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000)). A corporation is deemed a citizen of every state in which it is incorporated and where it has its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Cerco Capital Inc is a Delaware corporation with a principal place of business in The Bahamas. *See* First Amended Complaint at ¶ 17; Cervinka Decl. ¶ 3.

**Complete diversity exists here because Guarantors are both citizens of and domiciled in New York, while Cerco Capital Inc is a citizen of Delaware and The Bahamas**. *See Mesiels v. Meisels*, 19-cv-4767, 2021 WL 11690882, *1 (E.D.N.Y. Mar. 15, 2021) (providing that if the plaintiff is a foreign citizen and all defendants are citizens of New York, then there is diversity jurisdiction). As such, there is absolutely no need to delay the case through unnecessary adjournments or meaningless jurisdictional discovery. *See Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (noting that a "court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits.") (citation omitted).

Although Cerco Capital Inc has neither a headquarters nor traditional office space (Cervinka Decl. ¶ 7), its "nerve center" is in The Bahamas, where its:

> officers direct, control, and coordinate the corporation's activities and generally will be the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)

*Hertz Corp.*, 559 U.S. at 92-93 (internal citations and quotation marks omitted). The "nerve center" test focuses on where a corporation's 'high-level' decisions are made. . . ." *St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F.Supp.3d 603, 605 (S.D.N.Y. 2015) (citation

---

[2] What "Cerco Funding LCC's" outdated, pre-COVID website says is entirely irrelevant to the below analysis, **particularly when that entity is not a member of Cerco**. More significantly, none of the supposedly "New York-based executives" (3/8/24 Letter, at 3) actually reside in, or work out of, New York as of the date this litigation commenced—which is the only date that matters. *See Benchmark Investments, Inc. v. PAVmed Inc.*, 20-CV-10888 (VSB), 2021 WL 5967918, at *2 (S.D.N.Y. Dec. 16, 2021); Declaration of Peter F. Cervinka (**Cervinka Decl.**) ¶¶ 6-12.



Honorable Dale E. Ho
March 10, 2024
Page 3

omitted). As the Court is well aware, a corporation may only have one principal place of business.[3] *Hertz*, 559 U.S. at 92-93. As a result:

> The Supreme Court has opined that the nerve center test can be 'hard' to apply in cases … involving 'telecommuting,' where 'corporations may divide their command and coordinating functions among officers who work at several different locations.' 'This difficulty is surely even more compounded in the post-COVID-19 era, when substantially more employees telecommute.' Still, the test requires the court to 'pick out the 'main, prominent' or 'leading' place.'

*Derrica v. Tura, Inc.*, 21-cv-8820 (VSB), 2022 WL 1421452, at *3 (S.D.N.Y. May 5, 2022) (internal citations omitted). Put simply, courts look to "where the lion's share of corporate decision making and direction occurs at the time a lawsuit is initiated, not where corporate decision making may have happened in the past or where it may happen in the future." *Benchmark Investments, Inc.*, 2021 WL 5967918, at *2.

Mr. Cervinka is the chief executive officer of Cerco. *See* Cervinka Decl. ¶ 1. He is a permanent resident and domiciled in the Commonwealth of The Bahamas and, at the time this litigation commenced, he controlled and coordinated Cerco and Cerco Capital Inc's corporate decision making and direction from his home in The Bahamas. *Id.* at ¶¶ 5-6. Moreover, none of Cerco or Cerco Capital Inc's executives who assist Mr. Cervinka with directing, controlling, and coordinating the companies' activities are domiciled in, or work out of, New York.[4] *Id.* at ¶¶ 8-9. As such, both Cerco and Cerco Capital Inc's principal place of business is where Mr. Cervinka resides–Venetian West, Unit 1602, Windsor Field Road, New Providence, The Bahamas. *Id.* at ¶¶ 4-6.

Cerco respectfully requests that Guarantors' demand for jurisdictional discovery and the adjournment of deadlines be denied.

Respectfully submitted,

JEFFREY M. POLLOCK

Encl.

---

[3] The Guarantors' proposed distinction between "*a* principal place" and "*the* principal place" is of no moment given that there can only be *one* principal place of business. *Hertz*, 559 U.S. at 92-93.

[4] Despite Guarantors' efforts to highlight New York addresses tangentially related to Cerco Capital Inc – *e.g.*, "Roslyn Heights, New York, and a 'registered address' with a law firm in Pittsburgh" (3/8/24 Letter, at 3) – any such address is irrelevant given that none of Cerco's or Cerco Capital Inc's decision makers are in New York. *See* Cervinka Decl. ¶¶ 6-12.