UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CERCO BRIDGE LOANS 6 LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>GREGG SCHENKER, et al.,<br><br>         Defendants. | 23-CV-11093 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

  On March 19, 2024, the Court held an initial pretrial conference that directed the parties to file a proposed briefing schedule for Plaintiff's motion for partial summary judgment. *See* ECF No. 33. That same day, the Court also entered the civil case management plan and scheduling order that the parties submitted in accordance with Rule 26(f)(3). *See* ECF No. 34.

  On March 29, 2024, Defendants filed a Motion to Dismiss, ECF No. 39, and a letter asking the Court: (1) to reconsider its decision granting Plaintiff leave to file a motion for partial summary judgment; and/or (2) to stay discovery. *See* ECF No. 38. Defendants argue that: (1) this case does not warrant a partial summary judgment; (2) Plaintiff's extensive discovery requests contravene their assertion that no discovery was needed to brief a summary judgment motion; and (3) there is good cause to stay discovery pending resolution of Defendants' Motion to Dismiss. *See* ECF No. 43.

  For the reasons discussed below, Defendants' requests are **DENIED**.

  On March 19, 2024, the Court heard each parties' arguments as to the early partial summary motion. Defendants' counsel agreed with Plaintiff that the Guaranty is unambiguous and "fairly clear on its face." Mar. 19, 2024, Tr.17:3-6, ECF No 35. Because the contract is unambiguous, summary judgment may be appropriate as to its terms. *Topps Co. v. Cadbury*

*Stani S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008)).  The Court, therefore, granted leave for partial summary judgment briefing.

During the March 19, 2024 conference, Defendants' counsel also asked the Court to consider summary judgment first, "as opposed to starting into the process [of] disclosures and discovery while that takes place."  Mar. 19, 2024, Tr. 19:18-25.  The Court stated that discovery shall proceed unless there is a formal motion for a stay.  Mar. 19, 2024, Tr. 19:18-20:8.  Later that same day, the Court entered the civil case management plan and scheduling order that was mutually agreed to by the parties.  *See* ECF No. 34.

Defendants now argue that this case does not warrant an early partial summary judgment motion because Plaintiff's extensive discovery requests contravene its position that no discovery was needed to brief a summary judgment motion.  *See* ECF No. 34.  Defendants point out that Plaintiff's counsel represented that no additional discovery is needed; they were "ready to go right now to summary judgment on the contract as written."  Mar. 19, 2024, Tr. 12:24-25.  In its response letter, Plaintiff argues that it pursues discovery "to further develop the record and defend itself against Guarantors' arguments, which focus on contractual interpretation."  ECF No. 42.

The Court declines to reconsider its previous decision granting Plaintiff leave to file an early partial summary judgment motion.  The parties previously agreed that the contract is unambiguous; the Plaintiff's pursuit of discovery in accordance with the parties' case management plan does not change that and is not otherwise improper.  To the extent that Plaintiff's forthcoming motion relies on facts that Defendants believe are subject to a genuine dispute, Defendants are free to so argue in their opposition papers.

Defendants also ask the Court to stay discovery pending resolution of Defendants' motion to dismiss. *See* ECF No. 43. Defendants' letters do not establish that this case is an exception to the general rule that the pendency of a motion to dismiss does not provide cause to stay discovery. "Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (cleaned up). Courts should consider multiple factors, including (1) the breadth of discovery sought, (2) the burden of responding to it, (3) the prejudice that would result to the party opposing the stay, and (4) the strength of the pending motion forming the basis of the request for stay." *Id.*

Regarding the first two factors, Defendants argue that the discovery requests are "wide-ranging" and place "substantive and procedural burdens on Defendants." ECF No. 34. For instance, Defendants point to "sweeping demands for all documents 'relating to Guarantors' Guaranteed Obligations.'" ECF No. 34; *see also* Doc. Requests, ECF No. 43-1. These demands, however, are restricted to documents are restricted to those "under Section 1.2(a) of the Guaranty from January 1, 2022 to the present." Doc. Requests 7-8, ECF No. 43-1. The Court determines that, on the current record, these requests are proportional to the needs of the case. Thus, the first two factors slightly favor Plaintiff, as the parties' letters and Complaint suggest this case will present the standard discovery burdens inherent in contract litigation. The third factor slightly favors Plaintiff, as delay would prejudice Plaintiff as it pays "Ground Rent on the Property every quarter, as well as the expenses, costs, and fees on the Property every month." ECF No. 42. Regarding the fourth factor, Defendants filed a motion to dismiss that "raises strong arguments for dismissal on both jurisdictional and merits grounds." ECF No. 34. But the Court notes that the motion to dismiss is not yet fully briefed, making its strength or weakness unclear. And even if the motion to dismiss is granted, Plaintiff could seek leave to amend its Second Amended

3

Complaint to cure any pleading deficiencies. For these reasons, the Court denies Defendants' request to stay discovery.

It is further **ORDERED** that:

1. Plaintiff files its Consolidated Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Support of its Partial Summary Judgment Motion by **April 26, 2024** (maximum 35 pages), along with any materials in support of its motion;

2. Defendants file their Consolidated Memorandum of Law in Opposition to Plaintiff's Partial Summary Judgment Motion and Reply in Support of the Motion to Dismiss by **May 17, 2024** (maximum 25 pages), along with any supporting materials in opposition to summary judgment;

3. Plaintiff files its Reply Brief by **May 31, 2024** (maximum 15 pages).

The Clerk of Court is respectfully requested to close ECF No. 43.

SO ORDERED.

Dated: April 4, 2024
New York, New York

DALE E. HO
United States District Judge