UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CERCO BRIDGE LOANS 6 LLC, <br><br>          Plaintiff, <br><br>       v. <br><br> GREGG SCHENKER, et al., <br><br>          Defendants. | 23-CV-11093 (DEH) <br><br> **ORDER** |

DALE E. HO, United States District Judge:

  Plaintiff filed a letter-motion for a protective order pursuant to Fed. R. Civ. P. 26(c), requesting the Court to enter a confidentiality order with the inclusion of an "Attorney's Eyes Only" (AEO) designation. *See* ECF No. 68. On June 7, 2024, the Court directed Defendants to file a response by June 12, 2024, since the parties were unable to reach agreement on the terms of the protective order. *See* ECF No. 69. Defendants filed an opposition on June 12, 2024. *See* ECF No. 72. Plaintiffs have asked the Court to enter a confidentiality order with the inclusion of an "Attorney's Eyes Only" (AEO), while Defendants oppose to its inclusion. For the reasons discussed below, the Court **DENIES** Plaintiff's letter-motion for a confidentiality order.

  Rule 26(c) of the Federal Rules of Civil Procedure provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "The burden to show good cause falls on the party seeking a protective order." *Trellian Pty, Ltd. v. adMarketplace, Inc.*, 2021 WL 363965, at *3 (S.D.N.Y. Feb. 3, 2021); *accord, Duling v. Gristede's Operating Corp.*, 266

F.R.D. 66, 71 (S.D.N.Y. 2010). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (cleaned up); *see also Allen v. City of New York*, 420 F.Supp.2d 295, 302 (S.D.N.Y. 2006) (good cause under Rule 26(c) requires demonstrating a "clearly defined and serious injury" that would result from disclosure).

First, "[t]he purpose of "Attorneys' Eyes Only" designations is generally to protect one party from injury—usually injury to the party's business—that might occur if the information is revealed to the party's competitor." *Gerffert Co. v. Dean*, No. 09 Civ. 266, 2012 WL 2054243, at *5 (E.D.N.Y. June 6, 2012). Here, while Plaintiff notes that Defendants "operate in the same industry," Plaintiff ultimately concedes that they are not "direct competitors." ECF No. 68.

Second, Plaintiff's "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Duling,* 266 F.R.D. at 71 (quoting *Schiller v. City of New York,* 2007 WL 136149, at *5 (S.D.N.Y. Jan. 17, 2007)). "[T]he harm must be significant, not a mere trifle." *Id*. The moving party must establish "particular and specific facts" rather than "conclusory assertions," that justify the imposition of a protective order. *Hallmark Licensing LLC v. Dickens Inc.*, No. 17 Civ. 2149, 2018 WL 6573435, at *6 (E.D.N.Y. Dec. 13, 2018). Here, Plaintiff argues that the option of designating materials AEO is necessary because "the parties operate in the same industry . . . and, critically, their sources of collateral funding and analysis of the risk of loans is a confidential business practice." ECF No. 68. Plaintiff is concerned that Defendants will discover "the 'secret sauce' of how Plaintiff makes funding decisions, and a myriad of other closely held, proprietary information." *Id.*

These generalized assertions are insufficient to show that a confidentiality order without the AEO provision will result in "clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d at 222. After careful review of the parties'

2

arguments, the Court determines the Plaintiff has not demonstrated the existence of trade secrets and the need to designate materials AEO. Nothing in Plaintiff's letter-motion demonstrates that the AEO provision is required to protect them from any identifiable harms, or that the alternative proposed confidentiality order would be inadequate.

For the reasons set forth above, Plaintiff's letter-motion is **DENIED**. The Court will enter Defendant's proposed form of confidentiality order.

SO ORDERED.

Dated: June 13, 2024
       New York, New York

                                         DALE E. HO
                                United States District Judge