**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
CERCO BRIDGE LOANS 6 LLC,       :   Case No.: 23-cv-11093-DEH
                                :
    Plaintiff,              :   **CONFIDENTIALITY**
                                :   **ORDER**
  v.                            :
                                :
GREGG SCHENKER and STEVEN       :
HORNSTOCK,                      :
                                :
    Defendants.             :
---------------------------------------------------------------X

    **WHEREAS**, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action, and that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order shall adhere to the following terms, upon pain of contempt:

    1.    Any party or non-party producing any "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) may designate any document or information as confidential, in whole or in part, if the producing person or its counsel determines, in good faith, that such Discovery Material consists of or contains:

    a.    previously undisclosed financial information;
    b.    previously undisclosed information relating to ownership or control of any non-public company;
    c.    previously undisclosed business plans, product-development information, or marketing plans;
    d.    any information of a personal or intimate nature regarding any individual;
    e.    non-public governmental, sensitive, or personal information, or other non-public information for which confidentiality is necessary to protect the interests of the producing party or non-party;
    f.    any information for which confidentiality is necessary to protect the interests of the producing party or non-party in proprietary, trade secret, or otherwise sensitive non-public business information; or
    g.    any other category of information given confidential status by this Court after the date of this Order.

All such information is hereinafter referred to as "Confidential Information." Information and documents designated by a party as Confidential Information that are produced in discovery will be

stamped "CONFIDENTIAL."

2.     The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action and any appeals thereto, and not for any other purpose or in any other proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.

3.     Each person who has access to Confidential Information must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

4.     In the event a party challenges a designation of confidentiality made by another party or a producing non-party, the challenging party shall serve upon the producing party or non-party a written notice stating with particularity the grounds of the objection, the interested parties and/or non-parties shall thereafter make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5.     Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed advisable by counsel, provided that each such person has first executed an acknowledgment of this Order in the form annexed as Exhibit A hereto;
   d. The Court (including any person having access to any Confidential Information by virtue of his or her position with the Court);
   e. Any mediator or arbitrator that the parties engage in this matter or that this Court appoints, provided that each such person has first executed an acknowledgment of this Order in the form annexed as Exhibit A hereto;
   f. As to any document, its author(s), its addressee(s), and any other person(s) shown on the face of the document or in metadata produced therewith as having received a copy;
   g. Stenographers and video technicians engaged to transcribe or record depositions in this action, provided such persons are subject to contractual or professional duties of confidentiality with respect to such material;
   h. Independent photocopying services, graphic production services, or discovery and other litigation support services engaged by the parties or their counsel to assist in this action, provided such persons are subject to contractual or professional duties of confidentiality with respect to such material
   i. The parties. Because certain of the parties in this case are corporations or

other business entities, "party" shall mean, in the case of a corporation or other business entity, executives who are required to participate in decisions with reference to this Action.

6. Prior to disclosing or displaying the Confidential Information to any person pursuant to section 5 above, counsel must:

    a. Inform the person of the confidential nature of the information or documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
    c. Require each such person to sign an acknowledgment to be bound by this Order in the form attached as Exhibit A.

Counsel making a disclosure to any person pursuant to this section 6 must retain the signed acknowledgment and produce it to opposing counsel upon request.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9. Pursuant to Federal Rule of Evidence 502, the production, on or after the date of entry of this Order, of electronically stored documents or communications, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or electronically stored information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain subject to the protections of this Order.

12. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Information is produced or disclosed.

13. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that such party gives written notice to the producing party or non-party as soon as reasonably possible, and at least 10 days before any disclosure compelled by subpoena or other legal process. Upon receiving such notice, the producing party or non-party will bear the burden to oppose compliance with the subpoena or legal process if the producing party or non-party deems it appropriate to do so. If the producing party or non-party seeks to quash, limit, or object to the subpoena or legal process, the party to which the subpoena or legal process is directed shall not produce Confidential Information until a court or tribunal of competent jurisdiction has ruled on any timely application by the producing party or non-party. The obligations of the party to which the subpoena or legal process is directed shall be limited to informing the person or entity seeking the Confidential Information that the materials sought by the subpoena or legal process were produced subject to this Protective Order and will not be produced until a court or tribunal of competent jurisdiction rules on any timely application by the producing party or non-party.

15. Nothing contained in this Order will be construed as: (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

SO ORDERED.

_____
HON. DALE E. HO
United States District Judge
Dated: June 13, 2024
New York, New York

The parties are apprised that the Court retains discretion as to whether to afford confidential treatment in its opinions and orders to information the parties have redacted, sealed, or designated as confidential. The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

## EXHIBIT A

## ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Cerco Bridge Loans 6 LLC v. Gregg Schenker, et al.*, 23-cv-11093(DEH), pending in the United States District Court for the Southern District of New York, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I have reviewed and agree to be bound by the Confidentiality Order entered by the Court (the "Order").  I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of any proceeding to enforce my compliance with the provisions of the Order.

Dated: _____, 20__

_____                    _____
Name (printed)                                                                  Signature