UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CERCO BRIDGE LOANS 6 LLC,<br><br>                              Plaintiff,<br><br>                   v.<br><br>GREGG SCHENKER, et al.,<br><br>                            Defendants. | 23-CV-11093 (DEH)<br><br>**<u>ORDER</u>** |

DALE E. HO, United States District Judge:

      On June 11, 2024, Defendants Gregg Schenker and Steven Hornstock's (collectively "Defendants") filed a letter-motion requesting leave to file a Supplemental Declaration as a sur-reply to Cerco's Cross Motion for Partial Summary Judgment. *See* ECF No. 70. Defendants argue that there are new facts that demonstrate "Plaintiff has attempted to interfere with P8's[, a non-party borrower,] efforts to exercise its contractual rights to obtain an estoppel certificate from its landlord, Silk & Halpern 57, LLC ("Landlord")," involved in the "the transaction underlying this action, and ongoing discovery misconduct." *Id.* On June 14, 2024, Plaintiff filed an opposition, arguing that "Defendants are estopped from arguing facts that were available to them prior to their opposition deadline," "Defendants lack standing to allege tortious interference; and Defendants' arguments lack credibility." ECF No. 75. For the reasons set forth below, Defendants' letter-motion is **DENIED**.

      On the record before the Court, Defendants' letter-motion fails to set forth good cause for leave file a Supplemental Declaration. Notably, as Plaintiffs point out, Defendants did not learn "new relevant facts." ECF No. 75. On May 15, 2024, two days before their filing deadline, Defendants were informed of Cerco's position. *See* ECF No. 75-2. But even assuming there were previously unknown facts, Defendants have not explained how Plaintiff's efforts to obstruct

"Defendants' lawful evidence-gathering efforts," ECF No. 70, if at all, could be relevant to the cross-motions for summary judgment.  *See* ECF Nos. 45, 46.  The issue before the Court is a contract dispute, specifically the Guaranty of value because parties conceded that "neither side can envision any discovery that would be necessary to resolve questions as to the meaning of the contract."  *See* Tr. 10:4-11:23, ECF No. 35.

Second, leave to file a sur-reply is only permitted in extraordinary situations for good cause.  "Generally, a court '[does] not consider issues raised in a reply brief for the first time because if a [party] raises a new argument in a reply brief [the opposing party] may not have an adequate opportunity to respond to it.'"  *Evergreen Nat. Indem. Co. v. Capstone Bldg. Corp.*, No. 07 Civ. 1189, 2008 WL 926520, at *2 (D. Conn. Mar. 31, 2008) (*quoting U.S. v. Pepin*, 514 F.3d 193, 203 n.13 (2d Cir. 2008)).  This Court's Individual Rules and Practices in Civil Cases Rule 4(c)(v), "sur-reply memoranda are not allowed (unless specifically permitted in extraordinary situations for good cause)."  Defendants have not satisfied that standard here.

SO ORDERED.

Dated: June 17, 2024
New York, New York

_____
DALE E. HO
United States District Judge

2