



**Fox Rothschild**

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ  08648
609.896.3600    609.896.1469
www.foxrothschild.com

JEFFREY M. POLLOCK
Certified by the Supreme Court of New Jersey
   as a Civil Trial Attorney
Direct No: 609.896.7660
Email: jmpollock@FoxRothschild.com

**VIA ECF**
Hon. Judge Dale E. Ho, U.S.D.J.
Southern District of New York
40 Foley Square
New York, NY 10007

> Defendants shall file a letter, not to exceed three pages, in response by **July 1, 2024**.
>
> The Clerk of Court is respectfully directed to close ECF No. 83.
>
> SO ORDERED.
>
> Dale E. Ho
> United States District Judge
> Dated: June 27, 2024
> New York, New York

June 26, 2024

Re:   CERCO BRIDGE LOANS 6 LLC v. GREGG SCHENKER, et al.
       Civil Action No.: 23-cv-11093 (DEH)

Dear Judge Ho:

On behalf of Plaintiff Cerco Bridge Loans 6 LLC (**Cerco**), we request leave to file a motion to quash the subpoenas issued by Defendants Gregg Schenker and Steven Hornstock (**Defendants**) to my law partner, Matthew Lubart, Esq. (who oversees Cerco's transactions and represents Cerco), and Fox Rothschild LLP (**Fox**) (**Subpoenas**). Defendants seek all attorney client privileged documents and communications, a complete waiver of the attorney client privilege.

**I.   Brief Background**

Mr. Lubart, who, at all relevant times, represents Cerco as its primary corporate counsel, represented Cerco at every step during the negotiation, drafting, and execution of the Loan Documents and Guaranty. To this day, Mr. Lubart represents and oversees Cerco's current activities and provides legal advice. On June 18, 2024, Defendants served a Subpoenas on Mr. Lubart and Fox. *See* **Exhibits 1-2**. Because there has been no waiver of the attorney client privilege, Defendants Motion must be quashed, and a protective order issued.

After receiving the Subpoenas, the parties met and conferred on June 21, 2024 at 3:00 p.m. via video conference. Defendants assert that Peter Cervinka waived attorney client privileged communications during his deposition. We disagree. There is no waiver of privilege. Deposing Mr. Lubart will disrupt the attorney client relationship. The parties agree that there is an impasse.

**II.   The Subpoenas Seek Attorney Client Privileged Information and Must be Quashed.**

Peter Cervinka did not waive the attorney client privilege.[1] Merely testifying that Cerco was informed about the Guaranty is not a waiver of the privilege. Mr. Cervinka did not testify as

---

[1] Cerco has standing to quash the Subpoenas because it holds the attorney client privilege. *Huges v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018); F.R.C.P. 45(d)(3)(A)(iii).



Honorable Dale E. Ho
June 26, 2024
Page 2

to any communications regarding legal advice. He testified as to what occurred during the negotiations and drafting of the Loan Documents and Guaranty. *See* **Exhibit 3**. The Subpoenas must also be quashed because the prejudicial harm greatly outweighs the probative value, as Defendants have access to non-privileged, responsive information through other sources.[2]

Defendants' Subpoenas seek to borrow the wits of their adversary. Depositions of counsel are disfavored by courts. "Depositions of counsel, even if limited to relevant and non-privileged information, are likely to have a disruptive effect on the attorney-client privilege and on the litigation of the case." *Shaub & Williams, L.L.P. v. Augme Techs., Inc.*, 13-cv-1101(GBD), 2014 WL 1033862, * 3 (S.D.N.Y. April 24, 2020). Discovery by one party of the lawyer representing another party "could potentially lead to the disclosure of the attorney's litigation strategy and would do nothing for the administration of justice but rather prolong[] and increase[] the costs of litigation, demean[] the profession, and constitute[] an abuse of the discovery process." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2d Cir. 2003).

Permitting Defendants to depose Mr. Lubart will directly invade the attorney client privilege and work product doctrine. *See id.* (listing factors courts should consider in determining whether to allow a deposition of an adversary's attorney); *KOS Building Group, LLC v. R.S. Granoff Architects, P.C.*, 2020 WL 1989487, * 6 (April 24, 2020) (granting the plaintiff's motion for protective order and precluding the deposition of the plaintiff's attorney).

**First, the documents that Defendants seek are privileged communications.** The communications between Cerco and Mr. Lubart and Fox are confidential and for the purpose of obtaining legal advice. Mr. Lubart, a distinguished corporate attorney, is retained by Cerco to provide legal advice. Mr. Lubart provided legal advice during the negotiations, drafting, and execution of the Guaranty. Mr. Lubart represents and continues to represent and advise Cerco.

**Second, Defendants are able to obtain the non-privileged discovery from alternative sources,** such as through Cerco's witnesses, Defendants' witnesses, and the subpoenaed non-party witnesses. Defendants already have Cerco's and Fox's non-privileged documents, emails, and information with respect to the drafting, negotiations, and execution of the Guaranty and Loan Documents. Defendants also have emails regarding the negotiation, drafting, and execution of the Guaranty and Loan Documents. Defendants have not established why they require Mr. Lubart's deposition.

---

[2] The Subpoenas must also be quashed because they are unduly burdensome, and sanctions are warranted. *See* Fed. R. Civ. P. 45(d)(1); *Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLC*, 2008 WL 4452134, *4 (S.D.N.Y. Oct. 2, 2008). This Court should impose sanctions on Defendants. *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979). Here, the Subpoenas do not seek any discovery that is relevant to the issue in this case—whether the Guaranty should be enforced. They are unduly burdensome and vexatious.



Honorable Dale E. Ho
June 26, 2024
Page 3

**Third, the documents and testimony that Defendants seek are not relevant.** The discovery is not relevant to Cerco's claim—whether the Guaranty should be enforced. As mentioned throughout Cerco's previous filings, the parties agree that the Guaranty is unambiguous, and parol evidence is not permitted. *See Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2nd Cir. 2010).

**The probative value of this discovery is substantially outweighed by the unfair prejudice to require Cerco to break down and tear its attorney client relationship.** *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). The party issuing the subpoena bears the burden to show relevance. *Sec. & Exch. Comm'n v. Archer*, 16-cv-3505, 2018 WL 3424449, *1 (S.D.N.Y. 2018); *Dial Corp. v. News Corp.*, 13-cv-6802, 2015 WL 3778533, *1 (S.D.N.Y. May 19, 2015) ("Determining undue burden requires a court to balance relevance, the need of the party for the documents . . . and the burden imposed."). It will be prejudicial to invade the attorney client relationship. Defendants Subpoenas are vexatious, harassing, and unduly burdensome.

The attorney client privilege is among the oldest and closely kept privileges. "Courts have been particularly concerned about the burdens imposed on the adversary process when lawyers themselves are subject of discovery requests, lest a request to counsel apparently legitimate on its face reflects the intent or has the impact of interfering with or burdening a party's choice of counsel. *Varbero v. Belesis*, No. 20-cv-2538(LJL), 2020 WL 7043503, *2 (S.D.N.Y. Dec. 1, 2020). Defendants seek attorney-client information by requesting "[a]ll Communications, prior to the execution of the Guaranty, between You and any of the Cerco Parties" *See* **Exhibit 1** at Request Nos. 1, 2, 3, 5, 6, 7. In addition, Defendants seek "analysis or assessment" concerning the "scope of the obligations imposed on the Guarantors." *See* **Exhibit 1** at Request No. 8. Mr. Cervinka did not waive privilege during his deposition. To be covered by attorney-client privilege, a communication must be *primarily legal* in character and made to render legal advice or services to the client. *Allied Irish Banks, P.L.C. v. Bank of America, N.A.*, 252 F.R.D. 163, 168 (S.D.N.Y. 2008). Mr. Cervinka did not testify to any legal advice. *See* **Exhibit 3** at 120:18-25; 137:6-20. Mr. Cervinka did not disclose any communications or details regarding Mr. Lubart's legal advice. Mr. Cervinka testified as to the facts and circumstances surrounding the parties' negotiations.

Fox willingly produced non-privileged, responsive documents on May 9, 2024. *See* CERCO000001-CERCO008175. These documents are responsive to the Subpoena. Further, many of the Subpoena Requests are outside the custody, control, and possession of Fox and are in the custody, control, and possession of the parties and non-party subpoenaed witnesses.

The Subpoenas must be quashed and a protective order issued. Permitting this harassing discovery will trample upon the doctrine of attorney client privileged and the work product doctrine. We thank the Court for its attention to this matter.
Respectfully submitted,
*s/ Jeffrey Pollock*