UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CERCO BRIDGE LOANS 6 LLC,

Plaintiff,

v.

GREGG SCHENKER, et al.,

Defendants.

23 Civ. 11093 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

On July 5, 2024, Non-Parties AEW Real Estate Partners Fund VIII, L.P. ("Fund VIII"), Earlin Investments, L.P. ("Earlin"), and P8 ABS-EE 695 Lex LeaseCo, LLC ("P8") (collectively, the "Non-Parties") filed a letter-motion to "quash a subpoena and/or limit the scope of the deposition subpoenas Plaintiff has served on them." Non-Party Mot., ECF No. 91. Fund VIII and Earlin are the guarantors under the Guaranty at issue in this matter; and P8 is the borrower under the related Loan Documents and holder of the Ground Lease that secures Plaintiff Cerco Bridge Loans 6 LLC's ("Cerco" or "Plaintiff") Loan. *Id.* at 1. Plaintiff filed its letter in opposition on July 10, 2024. *See* Pl.'s Opp'n, ECF No. 98.

On July 8, 2024, Cerco filed a letter-motion to quash Defendants Gregg Schenker and Steven Hornstock's (collectively "Defendants") deposition notice for Peter Cervinka, Plaintiff's CEO, in person in New York. *See* Pl.'s Mot., ECF No. 95. Defendants filed their letter in opposition the next day. *See* Defs.' Opp'n, ECF No. 96.

The Court considers each letter-motion in turn below.

**I.       The Deposition of Peter Cervinka**

Rule 30(b)(4) provides that a court on motion may order that a deposition be taken "by telephone or other remote means." [1]  Fed. R. Civ. P. 30(b)(4).  Under Local Civil Rule 30.2, "[t]he motion of a party to take the deposition of an adverse party by telephone or other remote means will presumptively be granted."  Courts in this District have "long enunciated the policy of requiring a . . . plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances."  *MPD Accessories B.V. v. Target Corp.*, 2013 WL 1200359, at *1 (S.D.N.Y. Mar. 1, 2013).

On the record before the Court, Plaintiff has failed to identify any such "compelling circumstances," *id.*, and the Court finds that the balance of factors weighs in favor of denying Plaintiff's motion to quash.  First, Plaintiff's letter-motion fails to explain why an in-person deposition "will create an unnecessary hardship and is unduly burdensome."  Pl.'s Mot. 3.  The caselaw Plaintiff cites is inapposite because it involves witnesses with financial hardships and mobility-related concerns that have not been demonstrated here.  *See id.* (citing *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385 (S.D.N.Y. 2011) (witness with financial hardship) and *D'Arezzo v. Appel*, 2024 WL 538538, at *1 (S.D.N.Y. Feb. 8, 2024) (witness with "advanced muscular dystrophy and [wa]s functionally immobile.")).  Second, Mr. Cervinka has previously consented to an in-person deposition.  On May 10, 2024, Mr. Cervinka was "in New York and available to attend [the deposition] in person."  *Id.* at 3.  Notably, there is a pending motion for sanctions concerning the dispute surrounding Defendants' efforts to conduct the first part of Mr. Cervinka's deposition in person.  *See* ECF Nos. 78-80.  Thus,

---

[1] In all quotations from cases, internal quotation marks, footnotes, citations, emphasis, brackets, ellipses, and other alterations are omitted unless otherwise indicated.

Plaintiff's argument that Defendants "conduct[ed] the May 10 deposition remotely . . . demonstrated that they do not believe they will suffer any prejudice" falls flat.  Pl.'s Mot. 3.

Accordingly, Plaintiff's motion to quash is **DENIED**.  The parties are directed to meet and confer in good faith to schedule an in-person deposition on dates mutually agreeable to counsel and the witness.  The Court will permit the deposition to occur within a reasonable period beyond the August 30, 2024, discovery deadline if it will facilitate a resolution.

## II.      The Subpoenas on Non-Parties

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the court."  *Fitch, Inc. v. UBS Painewebber, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks omitted).  Pursuant to Rule 45, a party may serve a subpoena on a non-party, although a non-party to whom a subpoena is addressed may object to the subpoena.  *See* Fed. R. Civ. P. 45(c)(2).  Under Rule 45(c)(3), the Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3).

"The party seeking discovery [from a non-party under Rule 45] bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case."  *Athalonz, LLC v. Under Armour, Inc.,* 2024 WL 1555685, at *2-*3 (S.D.N.Y. Apr. 10, 2024) (internal citation omitted).  "A subpoena that pursues material with little apparent or likely relevance to the subject matter . . . is likely to be quashed as

3

unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005). "Determining undue burden requires a court to balance relevance, a party's need for the documents, whether the documents are available from other sources, the particularity with which the documents are described, and costs." *Sec. & Exch. Comm'n v. Archer*, No. 16 Civ. 3505, 2018 WL 3424449, at *1 (S.D.N.Y. July 2, 2018). "[W]ithin this Circuit, courts have held nonparty status to be a significant factor in determining whether discovery is unduly burdensome." *In re 650 Fifth Ave. & Related Props.*, No. 08 Civ. 10934, 2013 WL 12335763, at *2 (S.D.N.Y. Aug. 29, 2013). Another factor "that goes to 'undue burden' is whether the requested information can be obtained from the parties themselves." *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020). "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34[, which governs discovery between parties,] rather than subpoenaing them from a non-party witness pursuant to Rule 45." *Id.*

Non-Parties claim that Plaintiff "seek[s] testimony that is irrelevant, privileged, duplicative of readily available party discovery, unduly burdensome, and not proportional to the needs of the case." Non-Party Mot. 1. Plaintiff argues that "the information requested goes to the heart of Cerco's claims and the meritless lines of defense drawn by Defendants to extricate them from or limit their obvious and significant liabilities." Pl.'s Opp'n 2. Because the Non-Parties executed the contracts underlying the dispute in this matter, the Court agrees that the information sought by Plaintiff is discoverable.

However, Defendants rightly point out that many of the discovery demands that Plaintiff has served on Non-Parties are similar, if not identical, to those served on Defendants. Non-Party Mot. 2; *compare* ECF Nos. 91-1 to 90-3 *with* ECF No. 91-4 and 91-5. These similar demands make it clear that much of the information requested from the Non-Parties would be duplicative

4

of discovery that Plaintiff may obtain from Defendants. *See Burns v. Bank of Am.*, No. 03 Civ. 1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (granting a motion to quash a subpoena where the demands were "clearly duplicative").

Accordingly, the Court **GRANTS in part and DENIES in part** Non-Parties' motion to quash. Non-Parties shall produce any unique documents that are responsive to the requests in Plaintiff's subpoenas; alternatively, they may comply with their discovery obligations by certifying that no non-duplicative documents exist with respect to any request.

*     *     *

For the reasons stated above, the Court **GRANTS in part and DENIES in part** Non-Parties' motion to quash, ECF No. 91, and **DENIES** Plaintiff's motion to quash, ECF No. 95.

The Clerk of Court is respectfully directed to close ECF No. 95.

SO ORDERED.

Dated: July 16, 2024
       New York, New York

_____

DALE E. HO
United States District Judge

5