UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CERCO BRIDGE LOANS 6 LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>GREGG SCHENKER, et al.,<br><br>       Defendants. | 23 Civ. 11093 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

  On August 13, 2024, Plaintiff filed a letter-motion to compel (1) Defendants' document requests and (2) Non-Parties AEW Real Estate Partners Fund VIII, L.P., Earlin Investments, L.P., and P8 ABS-EE 695 Lex LeaseCo, LLC's (Borrower) (collectively, "Non-Parties") document production.  *See* ECF No. 116.  On August 16, 2024, Defendants filed their letter in opposition.  *See* ECF No. 118.  For the reasons below, the Court **DENIES** Plaintiff's letter-motion.

  Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  "A district court has broad latitude to determine the scope of discovery and to manage the discovery process."  *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).  "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the court."  *Fitch, Inc. v. UBS Painewebber, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003).

  First, the Court addresses Plaintiff's motion to compel Request Nos. 8, 9, 14, 15, and 18-22 of Cerco's Second Set of Requests for the Production of Documents ("Cerco Requests").  *See*

ECF No. 116-1.  Plaintiff's request for an order compelling response to its Request for Production Nos. 8-9, 14-15, 18-20, 21-22 is **DENIED**, without prejudice to renewal.  First, Defendants represent that they have largely already agreed to produce documents responsive to these requests, if any exist.  *See* ECF No. 118, Defs.' Opp. at 2 (regarding RFPs 8-9, "Defendants already agreed to produce their communications with the Landlord concerning the requested estoppel certificate"); *id.* at 2 (regarding RFPs 14-15, "Defendants already agreed to produce documents concerning 'the existence or non-existence of any Guaranteed Obligation under Section 1.2(a)'"); *id.* at 3 (regarding RFPs 18-20, "Because Defendants are aware of no applicable policies, they have no [responsive] documents"); *id.* at 3 (regarding RFPs 21-22, "Defendants have already produced the materials Mr. Stein relied upon for his summary - judgment declaration" and "there are no 'communications between the Defendants themselves and [Mr.] Stein'").  Second, to the extent Plaintiff seeks additional documents beyond those described in Defendants' response, the Plaintiff has failed to adequately show the "linkage between the discovery sought" and its claims.  *Beverley v. NYC Health & Hosps. Corp.*, 2024 WL 1342806, at *9 (S.D.N.Y. Mar. 29, 2024).

Finally, Defendants represent that "the Non-Parties commenced productions, subject to their respective responses and objections, before the Court issued the July 16 Order, and are continuing to review and produce documents on a rolling basis-including in productions made on August 12, 2024."  *See* ECF No. 118.  Accordingly, the Court **DENIES** as moot Plaintiff's letter-motion to compel Non-Parties' document production.

The Clerk of Court is respectfully directed to close ECF No. 116.

SO ORDERED.

Dated: August 21, 2024
       New York, New York

_____
DALE E. HO
United States District Judge

3