

212 Carnegie Center, Suite 400
Princeton, NJ 08540
📞 609.896.3600  🖨 609.896.1469
www.foxrothschild.com

JEFFREY M. POLLOCK
Certified by the Supreme Court of New Jersey
   as a Civil Trial Attorney
Direct No: 609.896.7660
Email: jmpollock@FoxRothschild.com

**Defendants shall file a response, not to exceed three pages, by August 28, 2024.**

**SO ORDERED.**

*/s/ Dale E. Ho/*

**Dale E. Ho**
**United States District Judge**
**Dated: August 26, 2024**
**New York, New York**

**VIA ECF**
Hon. Judge Dale E. Ho, U.S.D.J.
Southern District of New York
40 Foley Square
New York, NY 10007

August 23, 2024

    Re:    **CERCO BRIDGE LOANS 6 LLC v. GREGG SCHENKER, et al.**
             **Civil Action No.: 23-cv-11093 (DEH)**

Dear Judge Ho:

       On behalf of Plaintiff Cerco Bridge Loans 6 LLC (**Cerco**), we write, pursuant to Local Civil Rule 7.1(d) and sections 2(a) and (e) of Your Honor's Rules and Practices, to respectfully request a case management conference and, in the interim, a short, two (2) week extension of fact discovery from August 30 to September 13 for the limited purpose of deposing unavailable third-party witnesses. One prior extension request has been granted (ECF No. 97), and the parties next scheduled appearance is October 29, 2024. The parties met and conferred on August 19 and August 21. Although Defendants Gregg Schenker and Steven Hornstock (**Defendants**) do not consent to this request—claiming "the relief sought is unfounded"—Cerco submits that "compelling circumstances," (ECF No. 97, at 8), support the scheduling of a case management conference and the extension of fact discovery.

**I.    A CMC IS NECESSARY TO ADDRESS HOW DISCOVERY WILL PROCEED INTO DEFENDANTS' RESPONSIVE PLEADING(S)[1]**

       Parties are entitled to "discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense.* . . ." *See* Fed. R. Civ. P. 26(b)(1) (emphasis added). However, with the fact discovery end date looming on August 30, Cerco has been denied even the opportunity to pursue such discovery. Because Defendants have yet to file a responsive pleading, discovery into their claims and defenses has been an impossibility as it simply cannot yet occur. Under these circumstances, a case management conference is necessary to address how discovery should proceed.

---

[1] Notably, on August 21, 2024, the Court ordered that "Plaintiff shall file a status letter regarding service . . . and every forty-five days thereafter, until Defendant appears in this action." *See* ECF No. 122 Docket Text. Defendants were both served and have appeared in this action, but have not filed an answer to the Amended Complaint. *See* ECF Nos. 10-11, 15-16, 39-41.



It is axiomatic that Cerco must be provided the opportunity to investigate whatever claims or defenses, if any, Defendants ultimately raise. "The Supreme Court has acknowledged the 'fundamental maxim of discovery that mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" *S.E.C. v. Rajaratnam*, 622 F.3d 159, 180-81 (2d Cir. 2010) (quoting *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 540 n. 25 (1987)) (internal punctuation omitted). But as fact discovery is set to close on August 30, Cerco will be denied such "mutual knowledge" because any responsive pleading will inevitably fall outside the current fact discovery deadline.

Even worse, Cerco has only recently discovered just how far Defendants might go in terms of their counterclaims. Indeed, rather than addressing the parties' dispute here, Defendants took it upon themselves to file an entirely new action concerning the scope of the Guaranty in New York state court. *See* **Exhibit 1**. There, Defendants claim that Cerco fraudulently induced them into executing the Guaranty. Putting aside the blatant gamesmanship and frivolity of starting an almost identical parallel proceeding and the attendant likelihood of inconsistent rulings, discovery into Defendants' fraud claim—to the extent a similar claim is raised here—will certainly be necessary.

Put simply, Cerco must be given the opportunity to investigate whatever pleadings Defendants decide to file. While Defendants argue that Cerco has somehow waived its fundamental right to discovery by not agreeing to a stay pending Defendants' motion to dismiss or because Cerco advocated for a reasonably-paced schedule, those arguments are without merit. Cerco had every right to push forward with its affirmative claims without waiving discovery into Defendants' yet-to-be-filed claims and defenses. Nor can Defendants point to any law foreclosing such discovery—because there is none.

Accordingly, Cerco respectfully requests a case management conference to address how discovery should proceed into Defendants' forthcoming responsive pleading. Moreover, as the filing deadline on responsive pleadings has yet to be set, how this schedule might be structured remains an open question. For example, Cerco proposed that Defendants should file their responsive pleading on a date certain notwithstanding the pending motion to dismiss. But Defendants refused.

## II. SEPARATELY, A TWO-WEEK EXTENSION OF THE FACT DISCOVERY DEADLINE IS NECESSARY TO COMPLETE THIRD PARTY DEPOSITIONS

Cerco requests a short, two (2) week extension of fact discovery to complete third party depositions. Unfortunately, three nonparty witnesses[2] recently advised that they are unavailable

---

[2] Ironically, counsel for Defendants recently advised that another nonparty witness they represent, ABS Partners Real Estate, LLC (**ABS**), is unavailable before Labor Day and requested that Cerco accommodate a post-holiday deposition date. Cerco is, of course, happy to do so if permitted.



Honorable Dale E. Ho
August 23, 2024
Page 3

to sit for a deposition before Labor Day. *See* **Exhibits 2-3**. Cerco's request is for this limited purpose and solely to accommodate these nonparties.

The Second Circuit has emphasized that the primary consideration in determining whether there is sufficient "good cause"[3] to justify an extension is whether the moving party can demonstrate diligence. *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (explaining that diligence is the primary but not the only consideration). Consistent with that consideration, Cerco has at all times acted with diligence in this action.

For example, the subpoena to nonparties Newmark & Company Real Estate Inc. (**Newmark**) and ABS, dated August 8, 2024, was served nearly three weeks before the close of fact discovery. *See* **Exhibits 4-5**. Newmark is the listing agent who marketed the Property underlying the Loan and Guaranty. Newmark and ABS are expected to have insight into when and under what circumstances the Borrower, P8 ABS-EE 695 Lex LeaseCo, LLC, ceased performing under the Ground Lease, which resulted in the "amendment, modification, termination, or cancellation or surrender of the Ground Lease"—a triggering event under the Guaranty. Cerco also requested to continue the deposition of the Landlord, Silk and Halpern, LLC, on any weekday between August 20 through August 30, 2024. *See* **Exhibit 3**.

Unfortunately, neither witness is available before Labor Day. On August 19, 2024, counsel for Newmark advised that "the broker is taking vacation next week in advance of Labor Day and is unavailable for a deposition." **Exhibit 2**. Counsel for Landlord similarly advised that the "[b]alance of August is not available." **Exhibit 3**. Notwithstanding these nonparty witnesses' unavailability, Cerco has been diligent in its attempts to schedule these nonparty depositions over a range of dates in advance of the fact discovery deadline. Nor would Defendants be prejudiced by the requested extension, which does not impact any other deadline.[4]

We thank the Court for its attention to this matter.

Respectfully submitted,
*s/ Jeffrey Pollock*
JEFFREY M. POLLOCK

---

[3] While Cerco must demonstrate "compelling circumstances" warranting an extension (ECF No. 97), we are unaware of any case law delineating that standard and have interpreted the Court's instructions as a heightened "good cause" standard.

[4] Defendants' claim that this nonparty discovery is somehow "harass[ing] Defendants" is nonsense. *See* **Exhibit 6**. Cerco is entitled to discovery into P8's alleged non-performance under the Ground Lease. Nor does Defendants' argument that Landlord's deposition is supposedly "closed" have any merit, particularly when Cerco utilized very little time on the record and reserved the right to continuing questioning.