UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CERCO BRIDGE LOANS 6 LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GREGG SCHENKER, et al.,<br><br>        Defendants. | 23 Civ. 11093 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

  On August 21, 2024, Defendants Gregg Schenker and Steven Hornstock's (collectively "Defendants") filed a motion to compel. *See* Defs.' Request, ECF No. 121. On August 23, 2024, Plaintiff filed its letter in response arguing Defendant's request "must be denied because the information they seek is irrelevant, privileged, and has been produced." Pl.'s Opp'n, ECF No. 130.

  Also on August 21, 2024, Plaintiff sought a protective order and motion to quash certain topics in Defendants' Fifth Amended Notice of Fed. R. Civ. P. 30(b)(6) Deposition of Cerco. *See* Pl.'s Request, ECF No. 124. On August 23, 2024, Defendants filed a response arguing Plaintiff's letter-motion "is untimely, procedurally improper, and substantively unfounded." Defs.' Opp'n, ECF No. 131.

  The Court considers each request in turn. For the reasons discussed below, the Court **GRANTS in part and DENIES in part** Defendants' motion to compel, and **GRANTS in part and DENIES in part** Plaintiff's motion to quash and request for a protective order.

  Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence." [1] "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the court." *Fitch, Inc. v. UBS Painewebber, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks omitted).

## I. Defendants' Motion to Compel

For substantively the reasons articulated in the parties' letters, the Court **GRANTS in part and DENIES in part** Defendants' motion to compel.  Defendants seek the following: (1) unredacted documents relating to its financing source for the loan; (2) 2023 appraisal and related emails; (3) forensic email metadata; and (4) Cerco's executives' custodial email files.

First, the Court previously considered and rejected Cerco's request for an "attorneys' eyes only" ("AEO") tier of confidentiality protection, *see* Defs.' Request 1; nevertheless, Cerco has produced the documents in question in redacted form.  Cerco has not established that the redacted materials are subject to privilege.  To the extent Cerco has confidentiality concerns, they are addressed by the Protective Order in this case.  Accordingly, the Court **GRANTS** Defendants' request with respect to the unredacted copies of documents relating to the financing source for the loan.

Second, Plaintiffs contend that Defendants are not entitled to the 2023 appraisal and related emails because they are protected by Federal Rule of Civil Procedure 26(b)(4)(D).  *See* Pl.'s Opp'n 2.  "In addition to codifying the work-product doctrine, the Federal Rules of Civil Procedure also establish[ ] that, ordinarily, 'the [ ] facts known or opinions held' by a *consulting* expert are not discoverable."  *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 293 F.R.D. 568, 575 (S.D.N.Y. 2013) (quoting Fed. R. Civ. P. 26(b)(4)(D)) (emphasis in original).

---

[1] In all quotations from cases, internal quotation marks, footnotes, citations, emphasis, brackets, ellipses, and other alterations are omitted unless otherwise indicated.

Accordingly, the Court **DENIES** Defendants' request with respect to the 2023 appraisal and related emails.

Finally, for substantively the reasons in Plaintiff's letter, Defendants' request for email metadata and Cerco's executives' custodial email files is **DENIED as moot**. *See* Pl.'s Opp'n 2.

## II.     Plaintiff's Request for a Protective Order and Motion to Quash

Next, the Court considers the Plaintiff's request to limit the scope of the 30(b)(6) Deposition. *See* Pl.'s Request, ECF No. 124. Specifically, Plaintiff seeks a protective order with respect to Deposition Topics Nos. 1-5, 7-11, 13-14, 16, 19, 20, 27, 28, 32, 33, 34, 35, 38, and 39. *See* ECF No. 124-1. Plaintiff also seeks to quash Defendants' Deposition Topics Nos. 10-11 because they seek attorney-client communications, and Deposition Topic No. 14 as beyond the scope of discovery that the Court has permitted in this case. Pl.'s Request 2-3. In their response, Defendants contend Plaintiff's letter-motion "is untimely, procedurally improper, and substantively unfounded." Defs.' Opp'n 1.

First, the Court considers whether Plaintiff's requests are untimely. Plaintiff had Defendants' Rule 30(b)(6) notice and deposition topics since June 26, *see* ECF No. 131-1, almost two months ago, but chose to file its letter request for a protective order a few days from the deposition. *See* Defs.' Opp'n 1. While these requests could have come earlier, they are not altogether untimely. *See e.g., In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022) (collecting cases) ("It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena.").

On the record before the Court, the balance of factors weighs in favor of granting in part and denying in part Plaintiff's requests.

First, with regards to Topics 10 and 11, Plaintiff's motion to quash is **GRANTED in part**. These topics largely go to attorney-client communications, and are thus privileged. The

3

lone exception is "the substance of . . . conversation[s] the [Plaintiff's] attorney had with Defendants' counsel," which are not privileged because they are not legal advice. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 3034792, at *4 (S.D.N.Y. June 5, 2020) (communication to client "reporting [the opposing party]'s statements and actions" not privileged).

Second, for the reasons in the Defendants' response letter, *see* Defs.' Resp. 2, the Court **DENIES** Plaintiff's request to limit the Defendants' jurisdictional Deposition Topics to be limited to point in time at which the Complaint was filed, on December 21, 2023. *See* ECF No. 1.

Third, for the reasons in the Plaintiff's letter, *see* Pl.'s Request, the Court **GRANTS** Plaintiff's motion to quash Deposition Topic No. 14.

Finally, with regards to the remaining Deposition Topics, *see* ECF No. 124-1, to the extent that these topics do not delve into attorney-client communications, the Court **DENIES** Plaintiff's request for a protective order for the reasons substantively in the Defendants' letter. *See* Defs.' Opp'n 2-3.

Furthermore, Defendants' allegations as to Cerco's purported failure to engage in a good-faith meet-and-confer process, if true, are troubling. *See* ECF No. 131. The Court reminds the parties to meet and confer in good faith before raising discovery disputes with the Court. *See* Individual Practices § 4(k)(i)-(iii).

*    *    *

Considering the record before the Court, the Court **GRANTS in part and DENIES in part** Defendants' motion to quash, and **GRANTS in part and DENIES in part** Plaintiff's request for a protective order.

The Clerk of Court is respectfully directed to close ECF Nos. 121, 124.

SO ORDERED.

Dated: August 26, 2024
      New York, New York

_____
DALE E. HO
United States District Judge
