UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CERCO BRIDGE LOANS 6 LLC,<br><br>                            Plaintiff,<br><br>                  v.<br><br>GREGG SCHENKER, et al.,<br><br>                           Defendants. | 23 Civ. 11093 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

      On August 30, 2024, Plaintiff Cerco Bridge Loans 6 LLC ("Cerco") filed a motion to compel non-party ABS Partners ("ABS") to produce certain documents. *See* Pl.'s Mot., ECF No. 138. The same day, Defendants Gregg Schenker and Steven Hornstock's (collectively "Defendants") filed two motions, *see* ECF Nos. 140-41. Defendants' first motion requests: (1) to strike Cerco's August 15, 2024, expert disclosure; (2) confirm Cerco cannot make rebuttal disclosures; and (3) extend Defendants' expert disclosure deadline by 30 days. *See* Defs.' Mot., ECF No. 140. In their second motion, Defendants seek to compel Cerco and its counsel, Fox Rothschild LLP, to produce certain documents. *See* ECF No. 141. The parties filed their respective letters in opposition on September 5, 2024. *See* ABS Opp'n, ECF No. 143 (in response to ECF No. 138); Pl.'s Opp'n, ECF No. 144 (in response to ECF Nos. 140-41).

      The Court considers each request in turn. The Court **DENIES** Plaintiff's motion to compel, *see* ECF No. 138; **DENIES** Defendants' motion to compel, *see* ECF No. 141; and **GRANTS in part and DENIES in part** Defendants' requests relating to expert disclosures, *see* ECF No. 140, without prejudice to renewal.

      Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "that is relevant to any party's claim or defense" and that "[r]elevant information need

not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." [1] "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the court." *Fitch, Inc. v. UBS Painewebber, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003). Pursuant to Rule 45, a party may serve a subpoena on a non-party, although a non-party to whom a subpoena is addressed may object to the subpoena. *See* Fed. R. Civ. P. 45(c)(2).

"A subpoena that pursues material with little apparent or likely relevance to the subject matter . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005). "Determining undue burden requires a court to balance relevance, a party's need for the documents, whether the documents are available from other sources, the particularity with which the documents are described, and costs." *Sec. & Exch. Comm'n v. Archer*, No. 16 Civ. 3505, 2018 WL 3424449, at *1 (S.D.N.Y. July 2, 2018). "[W]ithin this Circuit, courts have held nonparty status to be a significant factor in determining whether discovery is unduly burdensome." *In re 650 Fifth Ave. & Related Props.*, No. 08 Civ. 10934, 2013 WL 12335763, at *2 (S.D.N.Y. Aug. 29, 2013). Another factor "that goes to 'undue burden' is whether the requested information can be obtained from the parties themselves." *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020).

I. **Plaintiff's Motion to Compel ABS**

Plaintiff asks the Court to compel ABS to produce responsive documents to Request Nos. 5-6, 10, 11, and 12. *See* Pl.'s Mot. 1. The Court previously considered and rejected a motion to quash the ABS subpoena, *see* Order, ECF No. 136. For substantively the reasons articulated in

---

[1] In all quotations from cases, internal quotation marks, footnotes, citations, emphasis, brackets, ellipses, and other alterations are omitted unless otherwise indicated.

2

the Defendants' opposition letter, *see* ECF No. 144, the Court **DENIES** Plaintiff's' motion to compel, ECF No. 138.

## II.     Defendants' Motion to Compel Documents

Next, the Court considers Defendants' motion to compel two document categories: (1) documents concerning Cerco's assignment of the Guaranty and related Loan Documents to a third party; and (2) a 2023 appraisal of the Property and related communications. *See* ECF No. 141. For the reasons substantively in the Plaintiff's letter, *see* ECF No. 143 at 1-3, the Court **DENIES** Defendants' motion to compel.

## III.    Defendants' Requests Regarding Expert Disclosures

The Court now turns to Defendants' letter-motion related to expert disclosures, *see* ECF No. 140, including its requests for the Court: (1) to strike Plaintiff's expert disclosures, (2) to confirm Cerco cannot make rebuttal disclosures; and (3) to extend Defendants' expert disclosure deadline by 30 days.

In the Court's case management plan, *see* ECF No. 34, the Court set a deadline of August 15, 2024, for the Plaintiff's expert disclosures. On August 15, 2024, Cerco filed an expert disclosure that omitted a written report with "statement of all opinions the witness will express" as required by Rule 26(a)(2), *see* ECF No. 140-1. Federal Rule of Civil Procedure 26(a)(2)(D) requires a party to disclose the identity of a witness it intends to call as an expert and, in the case of a witness who is retained or specifically employed to provide expert testimony in the case, "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

On August 15, Cerco served an "expert disclosure" with respect to two experts on the issue of damages. The disclosure did not comply with the requirements of Rule 26(a)(2), and Defendants move to strike it on that basis. *See* ECF No. 140. Cerco responds that it does not at

3

this time, intend to rely on these experts "to support its affirmative case." Accordingly, the Court **DENIES** Defendants' motion to strike as moot, without prejudice to renewal.

Second, Defendants ask the Court to confirm that Plaintiff may not make "rebuttal disclosures in response to Defendants' forthcoming expert disclosures." *See* ECF No. 140 at 2. Given that Plaintiff has not served any expert rebuttal disclosures at this time (as Defendants have not yet served any expert disclosures themselves), this issue is premature, and Defendants' Motion as to this issue is **DENIED** without prejudice to renewal. *See* ECF No. 143 at 4. However, in the event that, after reviewing Defendants' expert disclosures, Plaintiff seek to rely on rebuttal experts, the parties are ordered to meet and confer, and to file a joint status letter with the Court as to their respective positions as to the propriety of such rebuttal experts, including a proposed timeline for disclosures. Such status letter shall be filed within seven days of service of Defendants' expert disclosures.

Third, given that Plaintiff does "not oppose a thirty-day extension of time," the Court **GRANTS** a 30-day extension for Defendants to serve their expert disclosures.

\*   \*   \*

In sum, the Court **DENIES** Plaintiff's motion to compel, *see* ECF No. 138; **DENIES** Defendants' motion to compel, *see* ECF No. 141; and **GRANTS in part and DENIES in part** Defendants' requests relating to expert disclosures, without prejudice to renewal, *see* ECF No. 140.

The Clerk of Court is respectfully directed to close **ECF Nos. 138, 140, 141**.

SO ORDERED.

Dated: September 10, 2024
New York, New York

_____
DALE E. HO
United States District Judge