UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CERCO BRIDGE LOANS 6 LLC,

> Plaintiff,

v.

GREGG SCHENKER, et al.,

> Defendants.

---

23 Civ. 11093 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

On September 27, 2024, Defendants Gregg Schenker and Steven Hornstock's (collectively "Defendants") filed two motions. Defendants' first motion requested to file their letter-motion under seal, *see* ECF No. 146, which the Court granted temporarily, *see* ECF No. 152. Defendants' second motion requests an order compelling: (1) Plaintiffs to produce all documents concerning the original and replacement assignment documents, and (2) to produce for deposition a Fox representative with knowledge of the assignment documents. *See* Defs.' Mot., ECF No. 147-148.

On September 30, 2024, Plaintiff Cerco Bridge Loans 6 LLC ("Cerco") filed two letter-motions, a motion to compel, *see* ECF No. 149, and a motion to file under seal, *see* ECF No. 153. Plaintiff's motion to compel requests responses to Cerco's Interrogatories 1-7 included in Cerco's First Set of Contention Interrogatories ("Contention Interrogatories"). *See* Pl.'s Mot., ECF No. 149.

The parties filed their respective letters in opposition on October 4, 2024. *See* Pl.'s Opp'n, ECF No. 154-155 (in response to ECF Nos. 147-148); Defs.' Opp'n, ECF No. 156 (in response to ECF No. 149).

The Court considers each request in turn.  The Court **DENIES** Defendants' motion to compel, *see* ECF Nos. 147-148; and **DENIES** Plaintiff's motion to compel, *see* ECF No. 149.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[1]  "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the court."  *Fitch, Inc. v. UBS Painewebber, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003).  And "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).  Indeed, "[a] trial court enjoys wide discretion in its handling of pre-trial discovery."  *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992); *see In Re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (stating that the district court has "wide latitude to determine the scope of discovery.").

## I.    Defendants' Motion to Compel

Defendants ask the Court to compel Plaintiff to produce (1) documents concerning the original and replacement assignment documents; and (2) produce for a deposition a Fox representative(s) who has knowledge about the assignment documents and Fox's role as escrow agent.  *See* Defs.' Mot., ECF No. 147-148.  But Plaintiff has represented that "there were no assignment documents executed in March 2022," and counsel further states that "it cannot produce or testify about a document that does not exist."  ECF No. 155 at 2-3.  It is unclear how, in light of those representations, the Court can order any effective relief.

---

[1] In all quotations from cases, internal quotation marks, footnotes, citations, emphasis, brackets, ellipses, and other alterations are omitted unless otherwise indicated.

The Court has previously denied Defendants' motion to compel a Fox representative, Mr. Lubart, to be deposed. *See* ECF No. 97. The Court does not find Defendants have established "good cause" to re-open fact discovery. *See* Fed R. Civ. P. 16(b)(4); *see also Weihai Lianqiao Int'l Coop Grp. Co. v. A Base IX Co.*, 2024 WL 3498850, at *1 (S.D.N.Y. July 22, 2024). For substantively the reasons articulated in the Plaintiff's opposition letter, *see* ECF Nos. 154-155, the Court **DENIES** Defendants' motion to compel, ECF Nos. 147-148.

## II.    Plaintiff's Motion to Compel

The Court now turns to Plaintiff's motion to compel related to contention interrogatories, *see* ECF No. 149, specifically Cerco's Contention Interrogatories 1-7, *see* ECF No. 149-1. First, Plaintiff's interrogatories are untimely under both the case management plan, *see* ECF Nos. 34 ¶ 7c, 104 ¶ 7, and SDNY Local Rule 33.3(c), which applies "unless the court has ordered otherwise." Second, the Court previously cautioned that further extensions for fact discovery would not be "granted absent a showing of compelling circumstances," ECF No. 97 at 8. Here, Plaintiff has failed to establish "good cause" or demonstrate there are compelling circumstances to reopen fact discovery for its untimely motion to compel, *see* Fed. R. Civ. P. 16(b)(4). For substantively the reasons articulated in the Defendants' opposition letter, *see* ECF No. 156, the Court **DENIES** Plaintiff's motion to compel, ECF Nos. 149.

## III.    Plaintiff's Motion to File Under Seal

Finally, the Court turns to Plaintiff's request to file its opposition and Exhibit 1, *see* ECF Nos. 154, 154-1, in redacted form. *See* ECF No. 153. In light of the temporary seal on Defendants' motion and Cerco's forthcoming request to seek permanent redactions by **October 8, 2024**, *see* ECF No. 152, the Court **GRANTS** Plaintiff's request and ECF No. 154 shall remain temporarily sealed.

Plaintiff shall have until **October 10, 2024,** to seek permanent redactions to ECF No. 154.  If no such request is filed by that date, ECF No. 154 shall be unsealed.  If any such request is filed, ECF No. 154, shall remain temporarily sealed until the Court decides the letter-motion.

\*      \*      \*

In sum, the Court **DENIES** Defendants' motion to compel, *see* ECF Nos. 147-148; and **DENIES** Plaintiff's motion to compel, *see* ECF No. 149.

The Clerk of Court is respectfully directed to close **ECF Nos. 147, 148, 149, 153.**

SO ORDERED.

Dated: October 8, 2024
New York, New York

_____
DALE E. HO
United States District Judge

4