UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CERCO BRIDGE LOANS 6 LLC,

                            Plaintiff(s),

                    v.

GREGG SCHENKER and STEVEN
HORNSTOCK,

                            Defendant(s).

23 Civ. 11093 (DEH)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

In this suit, the plaintiff Cerco Bridge Loans 6 LLC ("Plaintiff" or "Cerco") brought claims

against Defendants Greg Schenker and Steven Hornstock ("Defendants") for breach of contract,

breach of the implied covenant of good faith and fair dealing, and for declaratory judgement, in

relation to a commercial real estate lease.  In an Order and Opinion dated February 26, 2025, the

Court granted the Defendant's Motion to Dismiss the First Amended Complaint.  ECF No. 188.

Defendants also previously filed two separate Motions for Discovery Sanctions, regarding

conduct in relation to the May 7 and July 10 depositions.  *See* ECF Nos. 78-80, 113-15.  In the

same February 26 Order and Opinion, the Court granted in part the Defendants Motion for

Discovery Sanctions, and allowed the Defendant to apply for fees incurred in litigating those

sanctions motions ("fees-on-fees").  ECF No. 188 at 26-45.  The Court then approved briefing on

Defendant's application for "additional fees and expenses incurred in preparing the two motions

for sanctions."  ECF No. 192.  Defendants applied for supplemental fees and expenses.  ECF No.

193.  Cerco, now represented by new counsel, and its former counsel, Fox Rothschild LLP ("Fox

Rothschild") both submitted Memoranda of Law in Opposition to Defendant's Motion.  ECF Nos.

194-95.  Defendants then submitted a Reply Memorandum and Declaration in support of their

application.  ECF No. 196.

For the following reasons, the Court **GRANTS IN PART** the Defendants' Motion for Supplemental Fees and Costs.  ECF No. 193.

## LEGAL STANDARD

"[D]istrict courts possess 'wide discretion' in imposing sanctions under Rule 37." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007).[1]  Additionally, district courts have "broad discretion to determine a fee award based on the circumstance of a case." *Au New Haven, LLC v. YKK Corp.*, No. 15 Civ. 3411, 2018 WL 333828, at *7 (S.D.N.Y. Jan. 5, 2018) (citing *Underdog Trucking, LLC v. Verizon Servs. Corp.*, 276 F.R.D. 105, 108 (S.D.N.Y. 2011)).

In determining appropriate attorney's fees, district courts in this Circuit use the "lodestar method," in which the number of hours reasonably expended is multiplied by a reasonable hourly rate.  *McDonald v. Pension Plan of the NYSA–ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam).  A reasonable hourly rate is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  Reasonable fees compensate counsel only for "hours reasonably expended on the litigation," and not for "hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).  A district court has discretion to determine a reasonable hourly rate, and may exercise that discretion to "use a percentage deduction" to reduce fees in case of an excessive fee application.  *Pasini v. Godiva Chocolatier, Inc.*, 764 F. App'x 94, 95 (2d Cir. 2019).

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

In setting a reasonable hourly rate, courts consider the case-specific *Johnson* Factors, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).  The Court needs not make recite and make separate findings as to all 12 factors. *(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, No. 21 Civ. 11096, 2023 WL 112552, at *3 (S.D.N.Y. Jan. 4, 2023).

Once a reasonable rate of pay has been calculated, "the presumptively reasonable fee is calculated by . . . multiplying that rate by the number of hours reasonably expended litigating the case*." Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Baroco Contracting Corp.*, No. 24 Civ. 1898, 2024 WL 4519836, at *3 (S.D.N.Y. Oct. 17, 2024); *see also Hensley*, 461 U.S. at 433.  "If the number of hours recorded by counsel is disproportionate to the work performed, the Court should reduce the stated hours in making its fee award." *Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018), *aff'd sub nom. Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, No. 15 Civ. 2044, 2018 WL 3094913 (S.D.N.Y. June 21, 2018), *aff'd*, 768 F. App'x 141 (2d Cir. 2019).  A court "properly excludes excessive, redundant, or otherwise unnecessary" hours.  *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022).

**DISCUSSION**

Defendants requested for a total of $207,774.94 in supplemental fees and costs, consisting of $199,579.50 in attorney's fees[2] and $8,195.44 in expenses.  Defs.' Suppl. App. for Att'y's Fees and Costs ("Defs.' Suppl.") at 13, ECF No. 193.  The $199,579.50 worth of attorney's fees include (1) 46.5 hours of work for litigation partner Gabriel Herrmann, at $1,915 per hour, totaling $89,047.5; (2) 52.6 hours of work for litigation associate Diane Chan (2014 law school graduate), at $1,390 per hour, totaling $73,114; and (3) 35.3 hours of work for associate Ritchie Vaughn (2022 law school graduate), at $1,060 per hour, totaling $37,418.  Defs.' Suppl., Ex. 1, ECF No. 193-2.  Out of that total amount, the attorneys claim that $144,481.50 were incurred in connection with the sanctions motion relating to the May 7 deposition, and the remainder $55,098.00 were in connection with the sanctions motion relating to the July 10 deposition.  Defs.' Suppl., Second Herrmann Decl. ¶ 6, ECF No. 193-1; ECF No. 193-2.  Defendants further request for a total of $8,195.44 in litigation expenses, consisting of research and printing costs.  Defs.' Suppl. at 13; Defs.' Suppl., Ex. 2, ECF No. 193-3.  Finally, Defendants request the Court impose cost and fees *jointly and severally* against Cerco and Fox Rothschild.  Defs.' Suppl. at 12 n.2, 13.

Both Cerco and Fox Rothschild oppose the imposition of any additional fees.  Fox Rothschild argues that the hourly rates Defendant requests were unreasonable and not in line with prevailing rates within this District.  Fox Rothschild's Mem. Law Opp'n Defs.' Supp. Appl. For Att'y's Fees and Costs ("Fox Rothschild Opp'n") 7-10, ECF No. 195.  Fox Rothschild further challenges the number of hours as unreasonable due to vagueness in billing, duplicative work, and

---

[2] Defendants' counsel state that $270,000 worth of attorney's fees were incurred for the work conducted on the sanctions motion, but in their motion seek reimbursement for only $199,579.50.  Second Herrmann Decl. ¶ 6, ECF No. 193-1.

being excessive. *Id.* at 10-12. Finally, Fox Rothschild requests any additional fees not be imposed jointly and severally between it and Cerco.

For its part, Cerco argues that the hours billed by Defendants were not reasonable as there were no novel issues of law, and the billing did not separate out how many hours were incurred in preparing parts of the sanctions motions that ultimately resulted in imposed sanctions. Mem. Law Pl. Cerco Opp'n to Defs.' Supp. Appl. ("Pl. Opp'n") 14-15, ECF No. 194. Cerco further argues that Defendants' requested hourly rates were unreasonable. *Id.* at 15-16. Additionally, Cerco argues that any additional fees should be assessed solely against Fox Rothschild, or at least the costs relating to the May 7 deposition sanctions should be assessed solely against Fox. *Id.* at 10-13.

The Court addresses their arguments in turn below.

## I.      Whether Supplemental Fees Should be Imposed

Under Rule 37(d)(3), the Court must require a party failing to attend a deposition or to respond to discovery requests, the attorney advising the party, or both to pay "the reasonable expenses, including attorney's fees, caused by the failure," unless the failure was "substantially justified" or such award would be "unjust" under the circumstances. Fed. R. Civ. P. 37(d)(3). A court has "broad discretion to impose sanctions" upon grant of a Rule 37(d) motion. *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002). "Reasonable fees may include attorney's fees and costs in connection with filing a motion for sanctions." *Burks v. Stickney*, 837 F. App'x 829, 832-33 (2d Cir. 2020) (summary order) (citing John *Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 151 (S.D.N.Y. 2014)). Courts have granted attorney's fees in relation to the preparation of sanctions motions as part of a monetary sanction under Rule 37(d). *See, e.g.*, *Skyline Risk Mgmt., Inc. v. Legakis*, No. 20 Civ. 8395, 2023 WL 3558774, at *3 (S.D.N.Y. Apr. 26, 2023). Here, the Court has already determined that Defendants are entitled to sanctions; under the facts

of this case, including the fact that two separate sanctions motions were required, the Court further holds that Defendants should be awarded supplemental fees arising from the two sanctions motions ("fees on fees").

Cerco and Fox Rothschild argue that the fees are excessive and unreasonable. Fox Rothschild Opp'n at 6-12; Pl. Opp'n at 14-16. The Court disagrees for the following reasons.

## II.    Reasonableness of Hourly Rates

Reasonable hourly rates should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984)). For purposes of considering the reasonableness of hourly rates, the "prevailing community" is usually "the district in which the court sits" and the rates considered by the court as a baseline need to be "current rather than historic hourly rates." *Id.* (quoting *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). Furthermore, whether the rates charged are consistent with rates "charged by similarly situated law firms of equivalent skill, status, and reputation" is also indicative of reasonableness. *An v. Despins*, No. 22 Civ. 10062, 2024 WL 1157281, at *4 (S.D.N.Y. Mar. 18, 2024), *appeal dismissed*, No. 24-914, 2024 WL 4524742 (2d Cir. Aug. 13, 2024). Additionally, the fact that a client actually pays the proposed rates will also strongly indicate the reasonableness of the rates. *See In re Stock Exchanges. Options Trading Antitrust Litig.*, No. 99 Civ. 962, 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006) ("Courts have found that the applicant attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of the market rate.").

Here, Defendants' counsel proposed the following hourly rates for the fee award: litigation partner Gabriel Herrmann, at $1,915 per hour; associate Diane Chan (2014 law school graduate),

at $1,390 per hour; and associate Ritchie Vaughn (2022 law school graduate), at $1,060 per hour.[3]

Defs.' Suppl., Ex. 1.  The Court will address the reasonableness of these rates in turn.

## A.    Gabriel Herrmann's Hourly Rate

The Court finds Herrmann's rates at $1,915 per hour reasonable for several reasons.  First, his hourly rates are consistent with prevailing rates in the District.  Defendants' counsel describes their firm, Gibson Dunn, as a "premier, full-service international law firm" with multiple litigation accolades.  Second Herrmann Decl. ¶ 3.  Herrmann states that he has 20 years of experience handling commercial-litigation matters, including real-estate disputes.  *Id.* ¶ 4.  Defendants cite various decisions in this District approving similar rates for comparable law firms.  *See An*, 2024 WL 1157281, at *1, *5 (approving rates of $1,760 and $1,990 for Davis Polk LLP partners); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 15 Civ. 211, 2024 WL 1116090, at *6 (S.D.N.Y. Mar. 13, 2024) (approving rates of $1,765 for "leading lawyers" in Kirkland Ellis LLP's litigation group).  Additionally, Herrmann states the requested rates are "customary rates that Gibson Dunn typically charges for these attorneys' respective services" and was "charged to defendants."  Second Herrmann Decl. ¶ 7.  This further serves as evidence of the "market rate" and the reasonableness of Herrmann's rate.

Both Cerco and Fox Rothschild object to Herrmann's hourly rate of $ 1,915 as being above the prevailing rate in the District.  *See* Pl. Opp'n at 15-16 (asking to reduce Herrmann's rate to

---

[3] The Court noted previously that Cerco did not challenge the reasonableness of Defendant's requested hourly rates, despite having the opportunity to do so through two briefs opposing sanctions.  ECF No. 188 at 39, 41-42.  The Court then found the rates requested by Defendant were reasonable.  *Id.* at 41-42.  The hourly rates that the Court then approved are identical with the hourly rates requested by Defendant in the present supplemental fees application. *See* First Herrmann Decl., Ex. 18, ECF No. 80-18 (requesting Gabriel Herrmann's hourly rate at $1,915, Diane Chen's hourly rate at $1,390, Ritchie Vaughan's hourly rate at $1,060); Defs.' Suppl., Ex. 1.

$1,285.50); Fox Rothschild Opp'n at 9-10 (asking to reduce Herrmann's rate "significantly"). To challenge the reasonableness of Herrmann's hourly rate, both Cerco and Fox Rothschild cite *StoneX Grp., Inc. v. Shipman*, which, collecting cases of reasonable attorney's rates in the district, approved an hourly rate of $1,285.50 for a partner of a major law firm. No. 23 Civ. 613, 2025 WL 1212165, at *3 (S.D.N.Y April 25, 2025); *see* Pl. Opp'n at 15-16. However, a prior decision approving a lower hourly rate as reasonable does not necessarily render a higher rate unreasonable. As discussed above, Herrmann's rates are consistent with prevailing rates in the District and are the rates actually paid by Gibson Dunn clients. Thus, the Court declines to reduce Herrmann's rate of $1,915 per hour.

### B.    Diane Chan and Ritchie Vaughan's Hourly Rates

The Court finds Defendant's proposed rates of associate Diane Chan (2014 law school graduate), at $1,390 per hour and associate Ritchie Vaughn (2022 law school graduate) at $1,060 per hour unreasonable and reduces the rates accordingly.

Both Cerco and Fox Rothschild claim that the rates of the Defendant's attorneys are higher than prevailing rates in the District. *See* Pl. Opp'n at 15-16; Fox Rothschild Opp'n at 9-10. Plaintiff requests that Chan's rate be reduced to $800 per hour and that Vaughan's rate be reduced to no greater than $500 per hour. Pl. Opp'n at 16. Fox Rothschild requests that the rates for both associates be reduced "significantly." Fox Rothschild Opp'n at 9.

Here, as of 2024, (the time of the work for which reimbursement is sought), Chan had approximately 10 years of post-law school experience at the time and Vaughan had approximately 2 years of post-law school experience.[4] The rates requested for both are inconsistent with the

---

[4] The Court notes that Defendants do not provide any other qualification of the two associates, other than the number of years they have graduated from law school. The Court will

prevailing market rates in this District.  While Defendants notes the accolades of Gibson Dunn's litigation practice, Second Herrmann Decl. ¶ 3, they do not provide a single case in this District that approves similar rates for associates with similar levels of experience.  For example, even Defendant's cited case provides for associate hourly rates at about $845.  *An*, 2024 WL 1157281 at *5.  Courts generally have not approved rates of above $1,000 for junior or mid-level attorneys in this district.  *See China AI Cap. Ltd. v. DLA Piper LLP (US)*, No. 21 Civ. 10911, 2025 WL 2466633, at *4-7,*14 (S.D.N.Y. May 22, 2025), *report and recommendation adopted*, No. 21 Civ. 10911, 2025 WL 3204368 (S.D.N.Y. Nov. 17, 2025) (collecting cases) (discussing Gibson Dunn's hourly rates).  Moreover, contrary to the Defendant's contentions, courts in this District have found that Gibson Dunn's associate hourly rates are not consistent with prevailing rates in the District and reduced them accordingly.  *See, e.g.*, *China AI Cap. Ltd.*, 2025 WL 2466633 at *4-7,*14 (reducing a senior (2012 law graduate) Gibson Dunn associate's rate from $1202 to $875, a sixth-year Gibson Dunn associate's rate from $1,125 to $700, and a fourth-year Gibson Dunn associate's rate from $1,020 to $550); *ATX Debt Fund 1, LLC v. Paul*, No. 19 Civ. 8540, 2024 WL 2093387, at *5 (S.D.N.Y. May 9, 2024), *appeal withdrawn sub nom. Tuebor REIT Sub LLC v. Paul*, No. 24-1773, 2024 WL 4482252 (2d Cir. Aug. 6, 2024) (noting that Gibson Dunn's hourly rates are "relatively high" and reducing the rate by 10% across the board).  Although Defendants state that the rates sought are the same as those actually to clients, *see* Second Herrmann Decl. ¶ 7, the Court concludes, based on the authority cited above, that the rates awarded for these two associates must be reduced slightly.  Ultimately, the Court finds that a 15% cut for Chan and Vaughan's requested

---

assume the years of post-law school experience approximately reflects their years of legal experience.

rates is appropriate.  Chan's hourly rate will be modified to $1,181.50, and Vaughan's hourly rate will be modified to $901.

Additionally, in opposing the reasonableness of the hourly rates, Fox Rothschild further claims that the hourly rate is unreasonable because the Defendants fail to provide evidence, including "law school matriculation, associate practice areas, years of experience practicing" or other qualifications to support the reasonableness of rates.  Fox Rothschild Opp'n at 8 (citing *StoneX Grp., Inc.*, 2025 WL 1212165, at *3.  However, while the movant has the burden to provide the evidence of the reasonableness of fees, they only need to provide "attorney credentials . . . in some form." *StoneX Grp., Inc.*, 2025 WL 1212165 at *3.  While information such as practice area constitute an example of an attorney's qualifications, such information is not strictly required for a fee application. *See id.*  Here, Defendant provided the number of years of experience for the partners and the years of graduation of the associates for whom fees are being sought. *See* Second Herrmann Decl. ¶ 4.  Based on the evidence of reasonableness, as well as other considerations above, the Court declines to further reduce the hourly rates proposed by Defendants on this basis.

## III.    Reasonableness of Hours Expended

Fox Rothschild raises four issues with the reasonableness of Gibson Dunn's hours expended.

First, Fox Rothschild challenges the time entries, such as "continuing drafting motion for sanctions" or "revise sanctions brief" or "research case law" as "vague, ambiguous, and overlapping." Fox Rothschild Opp'n at 10-11.  Plaintiff similarly objects to the entries as "cryptic and generalized." Pl. Opp'n at 15.  While deficient or incomplete billing records may result in a reduced fee award, the challenged entries here do not lack sufficient detail. *Union Cent. Life Ins. Co. v. Berger*, No. 10 Civ. 8408, 2013 WL 6571079, at *7 (S.D.N.Y. Dec. 13, 2013).  All that is required is that the Court find the descriptions, in context, sufficiently clear for the Court to

evaluate reasonableness of the time expanded. *Uttarwar v. Lazard Asset Mgmt. LLC*, No. 22 Civ. 8139, 2025 WL 3205467, at *3 (S.D.N.Y. Nov. 17, 2025), *motion for relief from judgment denied*, No. 22 Civ. 8139, 2026 WL 110322 (S.D.N.Y. Jan. 14, 2026) (citing *Union Cent. Life Ins. Co*, 2013 WL 6571079 at *7) (finding entries such as [l]egal [r]esearch and 'attention' re: motion for sanctions" and "[r]esearch and draft motion for sanctions" not vague). Here, the Court finds that, in context, the entries are sufficiently clear that Defendants' counsel was engaged in work related to preparing for the sanction motions.

Second, Fox Rothschild argues that given the similarity between the two briefs, the hours spent are excessive. Fox Rothschild Opp'n at 11. Plaintiff similarly objects to the Defendants' "overreach" given the "ordinary, run of the mill" nature of the motions. Pl. Opp'n at 14. Defendants seek reimbursement for a total of 134.4 hours, including 92.1 hours (including 34.5 partner hours) in relation to the first sanctions motion and 42.3 hours (including 12 partner hours) in relation to the second sanctions motion. Defs.' Suppl., Ex. 1. Courts have noted that in the District, 100 hours to be generally "within the reasonable range for attorneys to expend on work related to a motion for sanctions." *StoneX Grp., Inc.*, 2025 WL 1212165 at *6 (collecting cases); *Novick v. AXA Network, LLC*, No. 07 Civ. 7767, 2013 WL 6508498, at *2 (S.D.N.Y. Dec. 11, 2013) (finding 56.3 hours reasonable for a motion for sanctions when it "did not involve any novel or difficult question"); *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14 Civ. 1254, 2020 WL 4750600, at *3 (S.D.N.Y. Aug. 17, 2020) (finding 192 hours reasonable for a sanctions motion when there is an extensive record and "repeated violations"). Given that the 134.4 hours here encompassed two separate sanctions motions (with the hours expended for the second motion significantly lower than for the first motion), including reply briefs, the Court declines to reduce the hours billed on the basis of excessiveness.

11

Third, Plaintiff argues that the hours should be reduced as the sanctions motions were only partially granted, and that it should not be compelled to pay legal fees and costs "that did not result in an award of sanctions, or for requests they made that were not granted by the court." Pl. Opp'n at 15. However, a partial denial of sanctions does not preclude payment of costs associated with the entire motion. *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 148 (2d Cir. 2012). As Defendants were ultimately substantially successful on both sanction motions of obtaining relief against Plaintiff, the Court declines to reduce the number of hours awarded on this basis.

Finally, Fox Rothschild objects to 4.7 hours billed by Chan to "revise and reply" as administrative tasks. Fox Rothschild Opp'n at 12. It is true that "[f]iling, delivery, service of papers and other similar administrative tasks are not usually considered recoverable expenditures of time for attorneys' fees." *Broome v. Biondi*, 17 F. Supp. 2d 230, 236 (S.D.N.Y. 1997). However, "revising" a legal document clearly does not fit into this category. The Court declines to reduce the hours awarded on this basis.

## IV.    Related Expenses

Defendants also seek reimbursement of reasonable litigation expenses in the amount of $8,195.44. Defs.' Supp. at 16. When a party is awarded attorney's fees, such awards include "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Courts have approved necessary legal research costs as reasonable out-of-pocket expenses to be reimbursed. *See, e.g.*, *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99 Civ. 10175, 2025 WL 3012879, at *4 (S.D.N.Y. Oct. 28, 2025) (approving legal research expenses in relation to attorney's fees and costs incurred in litigating a contempt motion). Additionally, the requesting party must substantiate the requests for costs. *Guo v. Tommy's Sushi, Inc.*, No. 14 Civ 3964, 2016 WL 452319, at *3 (S.D.N.Y. Feb. 5, 2016). However, for this purpose, a sworn declaration under penalty of perjury that certain

12

amounts were expended on particular items is sufficient to substantiate costs.  *Id.*  Plaintiff and Fox Rothschild does not present arguments in their respective memorandums specifically against the reimbursement of such expenses.  *See* Pl. Opp'n; Fox Rothschild Opp'n.

Here, the expenses sought relate entirely to legal research relating to the sanctions.  Defs.' Supp. at 16.  Defendants' counsel provided a sworn declaration of the related expenses, as well as a specific breakdown of the associated costs.  Second Herrmann Decl. ¶ 11; Defs.' Supp., Ex. 2. The Court finds that the requested research costs are reasonable and accordingly awards $8,195.44 in costs.

## V.    Joint and Several Liability

Defendants request the Court impose cost and fees jointly and severally against Cerco and Fox Rothschild.  Defs.' Supp. at 12 n.2, 13.  Fox Rothschild opposes joint and several liability. Fox Rothschild Opp'n at 12-13.  Cerco argues that any additional fees should be assessed solely against Fox Rothschild, or that at least the costs relating to the May 7 deposition sanctions should be assessed solely against Fox.  Pl. Opp'n at 10-13.

Under Rule 37(d)(3) the court must require "the party failing to act, the attorney advising that party, or both" to pay attorney's fees.  *See* Fed. R. Civ. P. 37(d)(3).  In imposing sanctions in the context of Rule 37(b), the Second Circuit has found "a court may impose sanctions in a targeted way against the actors whom it identifies as responsible for misconduct, whether those be parties, their attorneys, or both."  *Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 546 (2d Cir. 2023).

Here, the Court, when deciding the sanctions motions (which Defendants sought to impose jointly and severally against Plaintiff and their counsel), rejected the notion of holding Plaintiff and Fox Rothschild jointly and severally liable.  ECF No. 188 at 44.  In doing so, the Court concludes that Fox Rothschild was responsible for the conduct in connection with the May 7

deposition, and Plaintiff was responsible for the conduct in connection with the July 10 deposition; the Court then imposed the charges accordingly. *Id.* The Court will charge the fees on fees in relation to the preparation for the first sanctions motion ($132,719.40 in fees and $7,835.44 in costs) against Fox Rothschild, and the fees on fees in relation to the preparation of the second sanctions motion ($50,280.30 in fees and $360 in costs) against Plaintiff.

### CONCLUSION

Defendants' Motion for Supplemental Fees and Costs is **GRANTED IN PART**. Specifically, the Court awards (i) $132,719.40 in fees and $7,835.44 in costs, in connection with preparation of the sanction motion regarding the May 7 deposition, to be charged against Fox Rothschild LLP; and (ii) $50,280.30 in fees and $360 in costs, in connection with preparation of the sanction motion regarding the July 10 deposition, to be charged against Cerco Bridge Loans 6 LLC.

SO ORDERED.

Dated: March 13, 2026

New York, New York

DALE E. HO
United States District Judge